Pearson, C. J.
 

 In all criminal prosecutions, every man has a right to be informed of the accusation against him, and
 
 *143
 
 to
 
 confront the accusers and witnesses with their testimony,
 
 and shall not be compelled to give evidence against himself; Declaration of Eights, sec. 7.
 

 By the common law,,the witnesses most be examined in the presence of the jury, so as to enable the jury the better to pass on their credit by observing their looks, manner, &c.
 

 In the trial of civil cases, this rule of the common law is departed from, under certain circumstances, and depositions are allowed to be read whore the attendance of the witnesses cannot be procured. . But in criminal cases, depositions are never read, either for or against the prisoner, and the common law mode of trial is strictly adhered to. "Where an affidavit is offered for the continuance of a cause and is considered sufficient, the cause will be continued, unless the opposite party
 
 ■will admit the facts, set out in the affidavit, to he t/rue,
 
 for, if the statement of the witness is to be controverted, the party offering the testimony, has a right to have the witness examined in the presence of the jury. This practice has never been departed from, so far as we are informed, until the present case, and we can see no principle upon which, in the trial of a capital case, this departure from the well-settled mode of trial can be allowed ; indeed, it violates the clause in the Bill of Eights, which secures to every man the right to confront the accuser and witnesses with other testimony. There is error.
 

 Another departure from a well-settled practice appears in the record in this case, which the Court feels it to be a duty to correct. The judgment is, “ that the prisoner be taken to the county of Burke from whence he came, and kept in close confinement until Friday, 2nd day of January, 1863, when he will be taken to the place of execution,” &c., and “ the sheriff of Burke county is to carry this sentence into effect,” &c., “ ordered that the sheriff of this county (Eutherford) safely' deliver the prisoner to the sheriff of Burke county, to be kept in the jail of Burke county,” &c.
 

 When the cause was removed to Eutherford county for trial, the prisoner was in possession of the
 
 cow't
 
 there, and the
 
 *144
 
 sheriff of Rutherford then had* charge of him, neither the ■ court or the-sheriff of Burke had any further concern with - the cause or the prisoner, and we cam see-no ground on which, after conviction,-the Judge could order the sheriff of Burke-t-o -carry the sentence into effect. The fact;- that the prosecution had originated in the county of Burke,- after the removal to Rutherford, gave the Judge no more power to give the power to the sheriff of Burke, than to the sheriff of any other • county-.- The sheriff of Rutherford then had the prisoner in-, his charge, and was to execute, the sentence of the -law.
 

 Bek-. Curiam,. Judgment.reversed..