# Fuller *v.* The State.

*Indictment for Escaping From Hard Labor.*

1. *Limitations for misdemeanor.*—The offense of escaping from hard labor by convict is not barred by the statute of limitations of one year, when the indictment was found on May 4th, 1888, and the testimony shows that the convict worked with the hirer until the 21st of June, 1887, when he left and never returned.

2. *Description of place and character of labor in contract.*—A contract letting a convict to hire, reciting the county in the heading, and binding the hirer to keep the convict at hard labor in said county on his premises, doing any kind of farm work; sufficiently described the kind of labor and the place where the same is to be performed.

3. *Sentence under several convictions.*—A defendant having been convicted and separately sentenced under three different charges on the same day, to perform hard labor for six months and twenty days in

[Fuller v. The State.]

each case, and to additional hard labor not exceeding eight months at forty cents per day, for payment of costs, and having been let to hire under said sentence for two years, six months and nine days, is not entitled to be discharged, because the sentences in the second and third cases, and the contract of hiring, fail to show that the respective terms shall begin on the termination of hard labor under the prior sentence.

4.  *Charges requested must be in writing.*—A request by the defendant for the general affirmative charge, not in writing, is properly refused.

5.  *Charge must be explicit.*—A request by the defendant "to give the jury the general affirmative charge," is imperfect; since it is not shown what the court is asked to affirm.

APPEAL from Pike Criminal Court.

Tried before Hon W. H. PARKS.

On the trial the State introduced Alex Johnson as a witness, who testified that he hired the defendant in December, 1886, from the officers of Pike county, and carried him to his farm in said county, that two or three days afterwards he gave defendant the use of a team to go about twenty miles after defendant's family, and defendant went and moved his family to witness' plantation, after which the defendant was never confined or in the custody of any person, but worked until 21st of June, 1887, when he left and never returned.

D. A. BAKER, for appellant, insisted that the sentences to hard labor were merged into each other, citing *Brown's case*, 47 Ala. 47; *Bradley's case*, 69 Ala. 318.

W. L. MARTIN, Attorney-General, for the State, cited *Ex parte Simmons*, 62 Ala. 416.

STONE, C. J.—The indictment in this case was found and presented in court May 4th, 1888. The defendant, Ellis Fuller, was let to hire to Alex Johnson by written contract, bearing date December 13, 1886. Fuller was under sentence of conviction for three several misdemeanors, and the contract of his hiring was made through Livingston and Worthy, the authorized agents of the county for that service. The term for which Fuller was hired was two years, six months and nine days, that being the aggregate of the three sentences to hard labor for the county which had been pronounced against him. Each of the three sentences under which Fuller was let to hire was, that he should perform hard labor for the county for six months and twenty days, and an additional term not exceeding eight months for the payment of costs at 40 cents per day. The sum of the three sentences for the payment of the fines and penalties

[Fuller v. The State.]

being twenty months, it follows that the aggregate of the three sentences to labor for the three bills of costs was ten months and nine days; much less than eight months in each case, if the costs were equally apportioned. The record fails to show that the defendant was sentenced to labor for a longer term than eight months for the payment of costs in either of the cases, embraced in the contract of hiring. And what we have said equally shows that the court in pronouncing the several sentences did not transcend the limits prescribed in § 4588, Code of 1886.

Several objections were raised in the court below, and are urged here for a reversal of the judgment rendered in this case. First, it is claimed that the offense—a misdemeanor—was barred by the limitation of one year before the prosecution was commenced.

It will be remembered that the indictment in this case was found May 4, 1888. Taking this as the commencement of the prosecution, a year had not elapsed from the time the prisoner escaped from the hirer, which escape gave rise to the prosecution. The only testimony on this question was that of Johnson, the hirer. He testified "That the said Ellis Fuller worked with him, (the said Johnson,) until the twenty-first day of June, 1887, when he left him and never returned." From June 21, 1887 to May 4, 1888 is less than a year.

It is further contended that the contract of hiring failed to express "the kind of labor, and the place at which it was to be performed" by the convict, as required by § 4597 of the Code of 1886. The contract is headed :"The State of Alabama, Pike County." Johnson, in his contract, bound himself, among other things, "to keep said convict at hard labor, doing any kind of farm work in said county, on his premises." This is a sufficient requirement of the statute.

It is further contended for appellant that the sentence, or sentences under which he was hired were illegal and void; that he was illegally let to hire, was illegally restrained of his liberty, and, as a consequence, he committed no breach of the law by escaping from such illegal restraint. The particular ground on which this contention is rested is, that the court which pronounced the three sentences, under which defendant was let to hire, did not refer to the provisions of § 4588 of the Code of 1886; did not order that the labor for the county directed to be performed under the second and third convictions, should "commence on the termination of the punishment for the preceding conviction," or convictions, as the facts of the several cases presented themselves.

The judgments of conviction in the three cases are set out in the bill of exceptions, and they are silent on the question of time when labor should commence on any of the convictions. The several sentences were all pronounced on the same day—November 23, 1886.

We think there is nothing in this objection. Each of the three sentences was that the defendant should labor for six months and twenty days as punishment for the offense of which he was found guilty, and an additional term, not exceeding eight months, for the payment of costs. Only one witness speaks of the time of the escape; and when it took place the defendant had not served out either one of the sentences. The statute itself—§ 4588 of the Code—declares the order in which the several sentences shall commence and be operative. We discover no imperfection, either in · the sentences of the court, or in contract of hiring.

Under. the law as declared above, the defendant was not entitled to the general charge in his favor. We may. add, that the request of the general charge is not shown to have been preferred in writing, and, if it were otherwise free from error, we would hold it was rightly refused.—3 Brick. Dig. 109 § 40. The charge, however, is otherwise imperfect. Its entire language is, "the defendant asked the court to give the jury the affirmative charge." What the court was asked to affirm by the charge requested is not shown. It is imperfect.

Affirmed.