# Thomas v. The State.

*Indictment for Selling Spiritous Liquors without a License.*

1. *Unlawful sale of spiritous liquors; when general affirmative charge should not be given at the request of the defendant.*—On a trial under an indictment for selling spiritous liquors without a license and contrary to law, where a witness introduced by the State testifies positively to the purchase of whiskey from the defendant, the fact that there was other evidence in the case, in conflict with the testimony of this witness, and still other, which was explanatory, and which, if believed by the jury, might have warranted a verdict of not guilty, does not entitle the defendant to have the general affirmative charge given in his favor.

APPEAL from the Circuit Court of Conecuh.

Tried before the Hon. JOHN R. TYSON.

The facts of the case are sufficiently stated in the opinion.

JOHN D. BURNETT, for appellant, cited *Morgan v. State*, 81 Ala. 72; *Campbell v. State*, 79 Ala. 271; *Pilgreen v. State*, 71 Ala. 368; *Young v. State*, 58 Ala. 358.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was convicted of selling spiritous liquors without a license and contrary to law. The only exception reserved, and the only question discussed in the brief of counsel for appellant, is as to the ruling of the court in refusing to give the affirmative charge for the defendant. The venue of the offense was proven.

Charley Walker, a witness for the State, testified as follows: "I told Pink Howard I wanted some whiskey, and asked him if he had any. He told me he did not have any, but would see if he could get or find some. He went off and in a few minutes returned with the defendant John Thomas, who told me he could let me have three pints for one dollar and five cents. I handed to defendant the money. He went away and in a few min-

[Salter v. The State.]

utes came back to me with a box, and he and I went into the back room of Long's store, when the defendant opened the box and took out a half gallon jug which he said contained a half gallon of whiskey. He drew from the jug one pint bottle full of whiskey, which he kept, and handed me the jug with three pints of whiskey in it. I took a drink and then sent the jug to my room." If this evidence, if true, would not authorize a conviction, it would be difficult to get up sufficient evidence in any case. The fact that there was other evidence in the case, in conflict with it, and other explanatory, which if believed by the jury, might have warranted a verdict of acquittal, did not entitle the defendant to the affirmative charge. The testimony of Charley Walker was in evidence also for consideration, and we presume was credited by the jury.

Affirmed.