[Howard v. The State.]

# Howard *v.* The State.

## *Grand Larceny.*

(Decided May 17, 1906.   41 So. Rep. 301.)

*Criminal Law; Right to Copy of Indictment; Waiver.*—On November 25, 1905, defendant was arraigned upon the indictment and plead not guilty, and the case set for trial on December 6, 1905, When the case was called defendant demanded a copy of the charge.   Held, not error to refuse, as defendant had waived the right secured by Sec. 6, Bill of Rights, Constitution 1901, in not demanding accusation when arraigned.

APPEAL from Jefferson Criminal Court.
Heard before HON. S. L. WEAVER.

The defendant was indicted for grand larceny.   The facts presented for review are stated fully in the opinion.

No counsel marked for appellant.

MASSEY WILSON, Attorney General, for State.—No brief came to the reporter.

DOWDELL, J.—The defendant was tried and convicted on an indictment for grand larceny.   It appears from the record that the defendant was arraigned on said indictment on the 25th day of November, 1905, at which time he interposed his plea of not guilty.   On the 6th day of December, 1905, the cause was called for trial, at which time the defendant demanded a copy of the indictment on which he was to be tried.   The court refused to require that the defendant be furnished with a copy of the indictment before proceeding with the trial, but offered to furnish, and did in fact furnish, the original indictment, which the bill of exceptions recites the defendant was permitted to inspect and use, and did so inspect and use the same.   The bill of exceptions further recites that no formal demand was made to the clerk of the court for a copy before trial.   The defendant excepted to the refusal of the court to require a copy to be furnished him.

By section 6 of the bill of rights in the constitution of 1901 it is provided that the accused in a criminal prosecution shall have the right "to demand the nature and cause of the accusation and to have a copy thereof." This right, however, is one that may be waived by the accused. On the facts stated the court committed no error in its ruling. The defendant had been informed of the accusation against him on his arraignment, and pleaded not guilty. He then delayed until his case was called for trial, more than 10 days after his arraignment, before demanding a copy of the indictment. By this conduct he waived his right to a copy, and under the circumstances the court was under no duty to require that a copy of the indictment be furnished him.

This is the only question presented by the record, and we fail to see that any reversible error has been committed. The judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.