STATE v. MARTHA FAIN.

(Filed 3 January, 1919.)

1. **Criminal Law—Evidence—Footprints—Comparisons—Burnings.**

Where evidence of the foot tracks of the defendant, tried for burning a barn, are competent, testimony as to the comparison of the tracks found at the place at the time of the occurrence with others testified by a witness to be the footprints of the accused that he had seen her make is also competent.

2. **Criminal Law—Evidence—Burnings.**

With other evidence tending to show the guilt of the accused of burning a barn, testimony that a bottle with the odor of kerosene was found at the premises with a piece of paper rolled as a stopper, which exactly fitted a torn page in the defendant's possession, is competent.

3. **Evidence—Witnesses—Bias.**

Testimony that a witness on the trial of one accused of a criminal offense was also a witness against the defendant in another case is incompetent to discredit the witness or show his bias.

4. **Appeal and Error—Evidence—Objections and Exceptions—Competent in Part—Harmless Error.**

Where husband and wife are tried for a criminal offense, testimony that her husband in her presence "began to talk pretty ill" is too indefinite to be a ground of error, and where it is competent against the husband a general exception to its admission by the wife will not be considered on appeal under Rule 27, especially where nothing prejudicial to her appears.

5. **Criminal Law— Instructions— Reasonable Doubt— Appeal and Error— Harmless Error.**

A part of a charge in a criminal action will not be considered as reversible error for the failure of the judge to charge that the burden of proof was on the State to show guilt beyond a reasonable doubt, when he has so charged, clearly and distinctly, in immediate connection therewith and repeated this instruction in other appropriate parts of the charge.

6. **Criminal Law—Instructions—Witnesses—Character.**

Where in a criminal action evidence as to the character of the witnesses on both sides have been introduced, an instruction by the trial judge, impartial to them all, that the jury should take into consideration the characters which they have "tried" to prove, etc., will not be held for error, the expression "tried," etc., taken with the text, being the equivalent of "evidence offered to prove," etc.

STATE *v.* FAIN.

**7. Affidavit for Continuance.**
> When it is agreed that "if a witness were here he would testify as stated in the affidavit offered for a continuance," this does not admit the truth of such statement.

APPEAL by defendant from *Ferguson, J.,* at April Term, 1918, of CHEROKEE.

The defendant was indicted jointly with her husband for burning a barn. He was acquitted, but she was convicted and appealed from the sentence imposed.

*Attorney-General Manning and Assistant Attorney-General Nash for State.*

*Witherspoon & Witherspoon and J. N. Moody for defendant.*

CLARK, C. J. The defendant, as in the first trial recorded in Genesis, was accused jointly with her husband. But on this occasion the husband got off entirely. The evidence for the State showed as a motive that defendant's hogs straying out were impounded by the prosecutor, and threats by the defendant that the prosecutor's barn "would be burned if she was sent to the penitentiary, or hanged." There were also circumstances in proof connecting her with the burning, such as her track, which was identified from its peculiarity and measurement and shape; that a kerosene bottle was found the morning after the fire a few feet from the barn, smelling of kerosene oil, with some drops of oil remaining in it, and near by a piece of paper rolled as a stopper with the odor of kerosene on it which had been torn out of a catalogue in the defendant's possession, fitting in exactly with the rest of the torn leaf therein.

The defendant abandoned exceptions 1 and 16 expressly in his brief, and also exceptions 10, 11, and 12, by not referring to them in the brief.

Exception 2 to the evidence as to the defendant's tracks cannot be sustained. The witness testified that the track with which the track at the barn was compared "he knew was her track; that he saw her make it on Sunday and the fire was on Monday night." This was competent.

Exceptions 3, 4, and 5, that the witness was permitted to testify that the paper he found was rolled up like a bottle stopper and had the odor of kerosene on it, was also clearly competent. The paper fitting in the torn page was exactly the evidence admitted in the homicide trial of *S. v. Dixon,* 131 N. C., 811.

Exception 6 cannot be sustained. Evidence that a witness for the State was also a witness against the defendant in another case was not admissible to discredit him or to show bias.

Exceptions 7 and 8 do not require discussion.

Exception 9 was because evidence was admitted that the defendant's

husband, in her presence, "began to talk pretty ill." This was too indefinite to be ground of error; and besides, it being competent against her husband, who was codefendant, Rule 27 of this Court (174 N. C., 835) required that the evidence being "competent for some purposes, it is not error to admit it generally unless the appellant asks at the time of its admission that it should be restricted." The defendant was present at the time of the conversation, and in any view it does not appear that she was prejudiced by a conversation whose substance is not given.

Exception 13 is because the court charged the jury that where a wife commits a criminal act in the absence of her husband, there is no presumption that she acted under the influence or coercion of the husband, and the burden is on the State to satisfy the jury from the evidence that the defendant burned the barn, and said: "If you are so satisfied from all the evidence, it will be your duty to return a verdict of guilty against her; but if you are not so satisfied from all the evidence, it will be your duty to return a verdict of not guilty as to her. And if you should return a verdict of not guilty as to her, it would follow as a matter of course you would have to return a verdict of not guilty as to her husband." The defendant excepts because the judge did not use the expression "beyond a reasonable doubt," or "fully satisfied," but it appears in the record that the judge in that immediate connection told the jury in the charge, "You are sole judges whether or not the circumstances relied upon have been established to your satisfaction beyond a reasonable doubt," and at least four times in his comparatively short charge stated the rule of "reasonable doubt" twice before stating the contentions of the parties, and twice afterwards. A charge cannot be condemned because the judge did not repeat that phrase in a single detached sentence when it appears that he stated the required degree of proof was "beyond a reasonable doubt" clearly and distinctly.

Exceptions 14 and 15 are addressed to the part of the charge which merely stated the contentions of the State and was immediately followed by a full and careful statement of defendant's contentions.

Exception 15a. The defendant offered an affidavit for a continuance, and the State, to avoid a continuance, admitted that if the absent witness was present she would "testify to the fact." The defendant accepted the offer. The court told the jury that the State had not admitted that the proposed testimony was true, but had admitted only that the witness (if here) would testify to that fact. The defendant contends that this was error, and that the court should have charged that on this affidavit the facts therein set out were admitted to be true, and relies upon *S. v. Twiggs,* 60 N. C., 143. The judge stated the fact as it was, and if he had charged as the defendant contends would have stated the matter incorrectly. In *S. v. Twiggs, supra,* the judge required the affidavit of

STATE v. FAIN.

defendant to be read and allowed the State to put on evidence, in reply to which the prisoner excepted. In this case the defendant introduced the affidavit and the solicitor consented merely to admit that if the witness were there she would "so testify." There was no exception. It rested in the sound discretion of the judge whether to permit the continuance or not, and the defendant saw fit to accept the consent of the solicitor as made.

The last exception is that the court charged as follows: "Evidence has been offered of the good and bad character of witnesses. It is competent and proper for you to take into consideration the characters which they have tried to prove. You have seen them on the witness-stand and heard them give the evidence, and it is your province to take into consideration their demeanor upon the witness-stand, the manner in which they conducted themselves, and it is for you to say whether or not their testimony has weight with you. This rule applies to witnesses which are offered by the State and witnesses which are offered by the defendant, and it is your province to judge their capacity to speak the truth—that is, of the knowledge they have about which they have testified—and their purpose to speak the truth, the motives and interest they have in the result of the verdict."

The defendant relies upon the use of the word "tried," but the charge is impartial as it applied equally to the witnesses on both sides, and the expression "the characters which they have tried to prove" means no more, taken with the context, than if the judge had said "offered evidence to prove." There is no implication that the offer had failed to prove the good or bad character of the witnesses on either side.

If the evidence which the jury have found to be true was correctly so found, there was no reasonable doubt of the guilt of the prisoner. The jury were the judges whether it produced that degree of conviction on their minds.

In the trial we find