## DAVIS v. STATE. (6 Div. 311.)

(Court of Appeals of Alabama. Jan. 22, 1924.)

**1. Intoxicating liquors ⟺233(1)—Testimony as to finding defendant at still held admissible.**

In a prosecution for possessing a still, it was permissible for the state to ask its witness whether he found defendant at such still at the time the prosecution was laid.

**2. Intoxicating liquors ⟺233(1)—Testimony as to check and money in pocket of coat found at still held admissible.**

In a prosecution for possessing a still and manufacturing prohibited liquors, it was competent for the state to show that there was a check, on which defendant's name was written, and some money, in the pocket of a coat found at the still, and that defendant afterward claimed the coat and contents.

**3. Intoxicating liquors ⟺236(19), 238(1)—Guilt of manufacturing held for jury.**

Evidence *held* sufficient to take to the jury the question of defendant's guilt of manufacturing prohibited liquors and to sustain a conviction thereof.

**4. Intoxicating liquors ⟺238(1)—Guilt of possessing still held for jury.**

Evidence *held* sufficient to justify submission to the jury of the question of defendant's guilt vel non of possessing a still.

**5. Criminal law ⟺1173(3)—Defendant cannot complain of refusal of general charge as to count under which acquitted.**

One convicted under a count charging manufacture of prohibited liquors cannot complain of refusal to give the general charge for him as to a count charging possession of a still; his conviction under the first count being an acquittal of the charge in the second count.

**6. Criminal law ⟺763, 764(11)—Telling jury to adopt construction of evidence most favorable to defendant invades jury's province.**

A charge that, if the evidence is susceptible of two constructions, favorable and unfavorable to defendant, the jury must adopt the former, invades the jury's province.

**7. Criminal law ⟺758, 811(6)—Requested instruction on weight of defendant's testimony held erroneous.**

A requested instruction that, if defendant's testimony be reasonable, if his manner of testifying indicates that he is telling the truth, if his testimony is not shown to be false, and especially if it is supported and corroborated by other evidence, the jury should accept his

testimony as true *held* erroneous as invading the jury's province and singling out evidence.

**8. Criminal law ⊙⟶308—Accused presumed innocent until proved guilty beyond reasonable doubt.**

The legal presumption of innocence is' a matter of evidence, to the benefit of which accused is entitled until his guilt is proved beyond a reasonable doubt.

**9. Criminal law ⊙⟶778(4)—Requested instruction as to legal presumption of innocence held argumentative and misleading.**

A requested charge that, when testimony is introduced to establish any fact adverse to defendant, the legal presumption of innocence rises up as evidence to dispute and oppose such testimony, and should be considered in defendant's favor, *held* argumentative and misleading.

**10. Criminal law ⊙⟶1186(4)—Refusal of charge as to matter correctly covered in oral charge not reversible' error.**

Where the law as to presumption of innocence was correctly and fairly given in the court's oral charge, refusal of a requested charge relative thereto should not work a reversal. Acts 1915, p. 815.

Appeal from Circuit Court, Fayette County; Ernest Lacy, Judge.

Roy Davis was convicted of manufacturing prohibited liquors, and appeals. Affirmed.

Charge 2, requested by defendant, is as follows:

"2. The court charges the jury that if the defendant is a competent witness in his own behalf, and that his testimony is to be considered and weighed as the testimony of other witnesses; and that the jury has no right to ignore or to discard his testimony because he is a defendant; and, if his testimony be reasonable, his manner of testifying indicates he is telling the truth, and if his testimony is not shown by other testimony to be false, and especially if his statement of facts is supported and corroborated by other evidence, then the jury should accept his testimony as true and find a verdict accordingly."

W. S. McNeil, of Fayette, for appellant.

Counsel assign as errors the failure of the court to give the instructions requested by defendant, citing Chaney v. State, 178 Ala. 44, 59 South. 604; Neilson v. State, 146 Ala. 683, 40 South. 221; Moorer v. State, 44 Ala. 15; Parker v. State, 5 Ala. App. 64, 59 South. 518; Bailey v. State, 168 Ala. 4, 53 South. 296, 390; Harris v. State, 123 Ala. 69, 26 South. 515; Amos v. State, 123 Ala. 50, 26 South. 524.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

FOSTER, J. The indictment contained two counts. The first count charged the manufacture of prohibited liquors; the second count charged the possession of a still. The defendant was convicted under the first count.

The evidence for the state tended to show that the defendant and others were found operating a still. The 'defendant ran off and was afterwards arrested.

The defense was an alibi.

There was evidence of the good character of the defendant.

[1] It was permissible for the state to ask a state's witness if he found the defendant at a still in 1922, that being the time the prosecution was laid, and the still inquired about being the identical still for the possession of which the defendant was on trial.

[2] After the defendant ran away from the still the raiding officers found a coat there which was afterwards claimed by the defendant. It was competent for the state to show that there was a check in one of the pockets on which defendant's name was written, and that there were $5 or $6 in the pocket, and that the defendant claimed the coat, the check, and the money for the purpose of identifying the coat as the property of the defendant, and as tending to explain the defendant's admission that the coat was his.

[3] Charge A requested by defendant was properly refused. It was the general charge for defendant as to count 1, and there was ample evidence to convict the defendant of manufacturing prohibited liquors. Fuller v. State, 97 Ala. 27, 12 South. 392.

[4, 5] Charge B was properly refused. It was the general charge for defendant as to the second count. There was evidence upon which the court was justified in submitting to the jury the question of the guilt vel non of the defendant of having in his possession a still. But the defendant cannot complain of the refusal to give the charge because he was convicted under the first count, and this was an acquittal of the charge contained in the second count.

[6] Charge 1 is faulty. A charge which instructs the jury that, if the evidence is susceptible of two constructions, one favorable and the other unfavorable to the defendant, they must adopt the one favorable to him, invades the province of the jury. Fonville v. State, 91 Ala. 39, 8 South. 688; Smith v. State, 88 Ala. 23, 7 South. 103; Johnson v. State, 102 Ala. 1, 16 South. 99.

[7] Charge 2 is faulty. It invades the province of the jury, and singles out part of the evidence. Authorities cited above and Fountain v. State, 98 Ala. 40, 13 South. 492.

[8-10] We cannot approve charge 4 in the language in which it was requested. The law of this state is that the legal presumption of innocence is to be regarded by the jury in every case as a matter of evidence, to the benefit of which the accused is entitled; and as a matter of evidence it attends the accused until his guilt is by the evidence

placed beyond a reasonable doubt. Bryant v. State, 116 Ala. 446, 23 South. 40; Thomas v. State, 117 Ala. 134, 23 South. 636; Amos v. State, 123 Ala. 50, 26 South. 524. But the latter part of the requested charge, as follows:

"Wherever testimony is introduced to establish any fact adverse to the defendant, this presumption rises up as the evidence of a witness to dispute and oppose the adverse testimony of the state, and should be considered by the jury in favor of the defendant,"

is argumentative and is calculated to mislead the jury. 1 Mayf. Dig. p. 173, § 204, and authorities there cited. Furthermore, the rule of law as to the presumption of innocence was correctly and fairly given by the court in its oral charge, and the refusal of the requested charge, if error, should not work a reversal of the case. Acts 1915, p. 815.

We find no error in the record.

The judgment of the circuit court is affirmed.

Affirmed.