(103 So. 917)

**JACO v. STATE.** (8 Div. 235.)

(Court of Appeals of Alabama. April 7, 1925.)

**I. Intoxicating liquors ⊜⇒238(1)—Guilt of unlawful possession held for jury.**

Evidence *held* sufficient to take to jury question of defendant's guilt of unlawfully having in his possession alcoholic liquors.

**2. Criminal law ⊜⇒778(3)—Refusal of requested instruction on presumption of innocence of defendant held reversible error where not covered by court's oral charge.**

Refusal to give defendant's requested charge that law presumes defendant innocent, which presumption is evidence in his behalf and that jury cannot find defendant guilty until his guilt is established to reasonable satisfaction, and beyond reasonable doubt, *held* reversible error where it was not covered by court's oral charge.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Ransom Jaco was convicted of violating the prohibition laws, and he appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

RICE, J. The defendant was convicted of unlawfully having in his possession alcoholic liquor, and appeals.

[1] It seems that one Record, a witness for the state, and apparently an officer of the law, walked into the store of one Bryant, and observing the defendant with, as Record claims, a bottle of "milky white corn whisky" in his right coat pocket, he, the said Record, without any warrant of law, and without any other evidence of a violation of any law than his own surmise, pounced upon the defendant and "grabbed the neck of the bottle with his left hand and caught around his (defendant's) neck with his other hand, and knocked the bottle and all in the sink," etc. Other state's witnesses were positive that defendant at the time wore no coat, but was in his shirt sleeves, and a number of witnesses for the defendant who were present swore that defendant had no liquor at all.

Under the laws of our state the issues made by the evidence were proper to be submitted to the jury. Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359.

[2] The defendant requested the following written charge, which appears in the record without number, but which for convenience we have numbered (2):

"The law presumes the defendant is innocent of the charge against him and this presumption of innocence is evidence in his behalf to be considered by you, and you cannot find him guilty, until, from the evidence, his guilt is established to your reasonable satisfaction and beyond a reasonable doubt."

Charges similar in substance, if not identical, with the above have been many times approved by this and the Supreme Court. Davis v. State, 19 Ala. App. 551, 98 So. 912; Amos v. State, 123 Ala. 50, 26 So. 524; Bryant v. State, 116 Ala. 445, 23 So. 40; Newson v. State, 107 Ala. 133, 18 So. 206.

The court did not in its oral charge refer to the subject covered by said written charge, and its refusal was error that will cause the case to be reversed.

Reversed and remanded.