(108 So. 401)

## HAITHCOCK v. STATE. (8 Div. 400.)

(Court of Appeals of Alabama. April 20, 1926.)

1. **Intoxicating liquors** ⊕═══238(1) — **Evidence held to make question of defendant's guilt of possession of still one for jury.**

Evidence *held* to make question of defendant's guilt of possession of still one for jury.

2. **Intoxicating liquors** ⊕═══239(3)—**Charge that defendant would be guilty if he operated still or hired another to do so held proper under evidence, and hence requested charge that unless defendant actually made intoxicating liquors he would not be guilty was properly refused.**

Charge that if defendant owned still and either operated it himself or hired another to do so he would be guilty *held* supported by evidence, and hence defendant's requested charge that unless he actually made intoxicating liquors jury should acquit him was properly refused.

3. **Criminal law** ⊕═══308—**Defendant's presumption of innocence attends him in trial until overcome by facts proving his guilt beyond a reasonable doubt.**

There is a presumption of law and fact that a defendant is innocent, and such presumption attends him in his trial until overcome by facts proving his guilt beyond a reasonable doubt.

4. **Criminal law** ⊕═══778(1)—**Refusal of charge that presumption of innocence attended accused in trial until overcome by facts proving his guilt beyond a reasonable doubt held reversible error.**

Refusal of charge that law did not presume defendant guilty, but, on contrary, presumed as matter of law and fact that he was innocent, and such presumption went with him in trial until removed by proof of facts actually proving guilt beyond a reasonable doubt, when not substantially given other charges, *held* reversible error.

Appeal from Circuit Court, Franklin County; C. P. Almon, Judge.

Bud Haithcock was convicted of possessing a still, and he appeals. Reversed and remanded.

These charges were refused to defendant:

"C. I charge you that you cannot convict the defendant on count 1 in this case unless you find from the evidence to a moral certainty that Bud Haithcock actually made one of the prohibited liquors in the distilling testified about, and if the evidence in the case does not prove that he did make, actually make, same, you should acquit him."

"E. The law does not presume that the defendant is guilty in this case, but, on the con-

trary, presumes as a matter of law and fact that the defendant is innocent, and that presumption of innocence goes with him in this trial until removed by proof of facts actually proving that he is guilty beyond a reasonable doubt."

Williams & Chenault, of Russellville, for appellant.

Counsel discuss the questions raised and treated, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., for the State.

Charge C is unintelligible, and was properly refused. Irons v. State, 20 Ala. App. 640, 104 So. 687. Charge E is argumentative, and exacts too high a degree of proof.

SAMFORD, J. [1] This is not a case for the affirmative charge. A still complete in proximity to defendant's home; a plain beaten path, freshly used, leading from the still to defendant's house; the still recently in use, and with beer in barrels ready to be run into whisky; the still smutty from recent use; overalls in defendant's house with fresh smut and still slop on them; vessels in defendant's house recently containing whisky, the product of a still; the absence of any testimony tending to fix guilt on any other person. The facts proven presented a question for the jury. The affirmative charge was properly refused. Sikes v. State, ante, p. 220, 107 So. 800.

[2] There was evidence that defendant employed one McKinney as a farm laborer; that McKinney lived at defendant's house; that one pair of the smutty overalls with still slop on them, and found at defendant's house, belonged to McKinney. This was sufficient evidence upon which to base a charge to the jury that:

"If after a careful consideration of all the testimony in the case you are morally certain from the evidence that the defendant owned the still and either operated it himself or hired or employed McKinney, the witness who testified in the case, to operate it for him, then in either event it would be your duty to convict him."

In view of the above holding it follows that charge C was properly refused.

[3, 4] The presumption of innocence is an evidentiary fact, and is a presumption which the law raises. It may be said therefore that it is a presumption of law and fact that a defendant is innocent, and that such presumption of innocence attends him in his trial until overcome by facts proving his guilt beyond a reasonable doubt. The foregoing is the law, and is substantially stated in refused charge E. Davis v. State, 19 Ala. App. 551, 98 So. 912; Fox v. State, 17 Ala. App. 559, 87 So. 621; 13 Mitch. Dig. p. 658, par. 182; 4 Mitch. Dig. 119, par. 182. The

principles involved in this charge were not substantially given by the court in either his oral charge or in written charges given at the request of defendant. The defendant having been denied this charge and it affecting his substantial rights, the judgment is reversed and the cause is remanded.

Reversed and remanded.