(114 So. 71)

**BURK v. STATE. (7 Div. 284.)**

Court of Appeals of Alabama. April 19, 1927.

Rehearing Denied May 17, 1927.

Hugh Reed, of Center, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SANFORD, J. ■ The error pointed out by demurrer in the first count of the indictment is clerical and by its nature is self-correcting. The demurrer was properly overruled.

■ Refused charge 5 seeks to confine the inquiry to an actual participation by defendant in the assault made on Luther Hale, pretermitting a consideration of aiding or abetting the crime. The charge is patently erroneous as applied to the facts in this case.

■ Refused charge 6 invades the province of the jury. The evidence tends to prove a conspiracy between the defendant and two others, and everything done and said in furtherance of the common design by either of the parties to the conspiracy is competent evidence against the other and to be considered by the jury in making up their verdict. Lancaster v. State, 21 Ala. App. 140, 106 So. 609.

■■ Refused charge 7 is invasive of the province of the jury, in that it pretermits a consideration of all the evidence, and refused charge 8 gives undue prominence to the presumption of innocence. The presumption of innocence is evidentiary, but it only attends the defendant until such time as the state by the evidence has convinced the jury beyond a reasonable doubt of the defendant's guilt. The charge considered in Jaco v. State, 20 Ala. App. 559, 103 So. 917, is materially different from the charge here.

The objections and exceptions to testimony are without merit.

■■ The question of serious consideration is the action of the court in refusing to grant to the defendant his motion for a new trial. And that presents the question as to whether there is evidence of an intent to rob. Intent can only be shown by facts and circumstances from which the jury is authorized to draw the inference. Jones v. State, 90 Ala. 628, 8 So. 383, 24 Am. St. Rep. 850. In the instant case the assault on Hale was at night, at the isolated house of the assaulted party, where defendant and his two associates had no right and no lawful business. They called Hale from his house to his doorstep and made an unprovoked assault upon him. As a part of the res gestæ defendant told the others to "go in and search the house." The confession of the defendant was that they "went after money." The inference that the assault was made with the *intent* to rob was justified by the evidence for the state. The denials by the defendant and his witness that they went to Hale's house to rob was for the jury. The court had all the parties before him, heard the evidence, and saw them testify. We will not disturb his judgment.

There is no error in the record and the judgment is affirmed.

Affirmed.