(129 So. 298)

### DUNN v. STATE.
### 6 Div. 784.

Court of Appeals of Alabama.
June 24, 1930.

F. E. St. John and Earney Bland, both of Cullman, for appellant.

Charlie C. McCall, Atty. Gen., and James L. Screws, Asst. Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense of burglary. His punishment was fixed at imprisonment in the penitentiary for an indeterminate term of from three to five years.

The circumstances with reference to allowing the jury trying the case to separate, after the evidence was all in, the arguments of counsel concluded, and the charge of the court, both oral and written, delivered, before they began the consideration of their verdict, are not materially different here, from what they were in the case of John Thompson v. State (Ala. App.) 129 So. 297,[1] and, upon the authority of our holding in the opinion in that case, we now hold that there was no error in overruling appellant's motion for a new trial, in this case, as on the ground of the unauthorized separation, etc., of the jury.

Appellant's written, requested, refused charge 1 is as follows:

"1. The Court charges the jury that the law presumes the defendant to be innocent of the offense charged in the indictment, and, this presumption continues to go in favor of the defendant until the evidence convinces the jury beyond a reasonable doubt of his guilt, and you cannot find the defendant guilty of any offense charged in the indictment until the evidence in the case satisfies you beyond all reasonable doubt of his guilt, and so long as you or any of you have a reasonable doubt as to the existence of any of the elements necessary to constitute the offense, you should not find the defendant guilty."

This charge seems to, and we hold it does, express the law as it exists in our state, on the subject it deals with. We have carefully read, and reread, the trial court's oral charge, as well as the written charges given at appellant's request. We are unable to find that

[1] Ante, p. 565.

the substance of the above written, request-ed, refused charge 1 was included in same. For the error in refusing this charge, the judgment of conviction must be reversed, and the cause remanded. Bryant v. State, 116 Ala. 445, 23 So. 40; Newsom v. State, .107 Ala. 134, 18 So. 206; Amos v. State, 123 Ala. 50, 26 So. 524; Jaco v. State, 20 Ala. App. 559, 103 So. 917.

It seems unnecessary to pass upon the other questions raised. Upon another trial they will probably not occur in their present form. The judgment is reversed, and the cause remanded.

Reversed and remanded.

