130 So.2d 355

**Alexander WALDROP**

v.

**STATE.**

**I Div. 835.**

Court of Appeals of Alabama.

Feb. 7, 1961.

Rehearing Denied March 7, 1961.

**238**

Wilters & Brantley, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of robbery and was sentenced to the penitentiary for a term of ten years.

The question of the sufficiency of the evidence to justify the verdict, not having been raised in the trial court, is not presented for our review. See 7 Ala.Digest Criminal Law, ☞1036(8) for numerous cases.

In Turner v. State, 238 Ala. 352, 191 So. 396, 398, the court said:

"In every criminal case the defendant is clothed with the presumption of innocence, an abiding presumption to be overcome only by evidence of guilt removing all reasonable doubt. This presumption, and burden of proof cast upon the state, should be fully presented in the oral charge. Special charges in varying language are usually given at defendant's request."

Here there was no charge, oral or written, touching the presumption of innocence with which the defendant was clothed. Furthermore, the oral charge as to the burden of proof is misleading in its tendencies. The oral charge is as follows:

"Now, gentlemen, this defendant is being charged with a criminal offense. The burden is *first* upon the State to convince you and each of you separately and severally and as a unit as to the material allegations of the indictment. You will have the indictment before you when you go into the jury room for your deliberations. The State, as I said, must convince you and each of you beyond all reasonable doubt—you notice that I use the word 'reasonable'—that is a doubt for which you in your mind can arrive at a proper reason for stating as you do, or for seeing the case and considering the facts as you do. I do not say, 'beyond all doubt.'" (Emphasis supplied.)

In Parker v. State, 5 Ala.App. 64, 59 So. 518, and again in Smith v. State, 32 Ala.

App. 155, 22 So.2d 607, this court held it is reversible error, where the jury is not instructed as to the presumption of innocence, to refuse this charge. The court charges the jury that the law presumes the defendant innocent of the commission of the offense charged in the indictment, and this presumption continues to go in favor of the defendant until the evidence convinces the jury, beyond a reasonable doubt of his guilt; and you cannot find the defendant guilty of any offense charged in the indictment until the evidence in the case satisfies you beyond all reasonable doubt of his guilt, and so long as you, or any of you, have a reasonable doubt as to the existence of any of the elements necessary to constitute the offense, you should not find the defendant guilty. See also Walters Requested Charges in Criminal Cases, General No. 37; Dunn v. State, 23 Ala.App. 568, 129 So. 298.

Defendant's requested Charge 18, refused by the court, is a copy of the charge held good in the above cases, except that the words we have set out in parentheses are omitted from the charge. "The court charges the jury that the law presumes the defendant innocent of (the commission of the offense charged in) the indictment, * * *."

A trial judge is not justified in refusing a charge asserting a correct principle of law merely because it is elliptical, unless the omission of words obscures its meaning and tends to mislead a person of common understanding. Mitchell v. State, 28 Ala.App. 119, 180 So. 119, certiorari denied, 235 Ala. 530, 180 So. 123. The charge instructs the jury that "the law presumes the defendant innocent of the indictment." An indictment is merely a written accusation of crime, Crews v. State, 40 Ala.App. 306, 112 So.2d 805, so that, in effect, the charge reads, "the law presumes the defendant innocent of the accusation." We are of the opinion the ellipsis did not render the charge misleading and that the jury would have had no difficulty in ascertaining its meaning.

It will be further noted that in Gordon v. State, 268 Ala. 517, 110 So.2d 334, the Supreme Court, in effect, approved Charge 7, given at defendant's request. Charge 7 is in the exact language of the charge here under consideration. See also Jones Ala. Jury Instructions, Vol. 2, Sec. 8031, p. 364.

We are of opinion the trial court committed reversible error in refusing to give Charge 18, requested in writing by defendant.

Reversed and remanded.