**4**

178 So.2d 232

Mancel Paul QUINN

v.

STATE.

6 Div. 45.

Court of Appeals of Alabama.

Aug. 31, 1965.

Roger F. Rice, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Mancel Paul Quinn appeals his conviction of the offense of grand larceny, with a five year penitentiary sentence.

No question was raised in the trial court as to the sufficiency of the evidence. Madison v. State, 32 Ala.App. 617, 28 So.2d 927; Waldrop v. State, 41 Ala.App. 237, 130 So. 2d 355; Fuller v. State, 38 Ala.App. 493, 90 So.2d 244.

■ The charges refused to defendant were covered by the court's oral charge, and charges given at defendant's request or were incorrect statements of the law involved. Flournoy v. State, 34 Ala.App. 23, 37 So.2d 218; Dyson v. State, 30 Ala.App. 121, 2 So.2d 784.

■ Appellant insists that he should have been granted a mistrial because he was required to answer whether or not he had been convicted of a violation of the Dyer Act and given a six year sentence. (We judicially know that the term "Dyer Act" is the popular title of the National Motor Vehicle Theft Act, 18 U.S.C.A. § 2312, and is a felony.) It is true that such evidence is not admissible to establish guilt of the offense charged. But when an accused becomes a witness in the case his credibility may be impeached by showing that he has been convicted of a crime involving moral turpitude. Chambers v. State, 264 Ala. 8, 84 So.2d 342.

We find no reversible error in the record. The judgment of conviction is affirmed.

Affirmed.