202 So.2d 169

**Elbert JOHNSON**

v.

**STATE.**

**1 Div. 233.**

Court of Appeals of Alabama.

Aug. 29, 1967.

open court moved to perfect his appeal *pro se*.]

Kenneth Cooper, Bay Minette, for appellant.

MacDonald Gallion, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

JOHNSON, Judge.

Appellant was indicated by the Fall term of the Grand Jury of Baldwin County, Alabama, on the charge that he "did carnally know, or abuse in the attempt to carnally know Bessie James, a girl over the age of twelve years and under the age of sixteen years, against the peace and dignity of the State of Alabama." Upon a plea of not guilty, appellant was tried and found guilty as charged. His punishment was fixed at five years in the State penitentiary and it is from this judgment and sentence that this appeal is made.

The State's first witness was Bessie James who testified that she was thirteen years of age; that she had known appellant for one or two years; and that he used to "stay with us." She said that during July of 1966, while her mother was at work, appellant came to their two room house at about 7:30 P. M.; that he told her to go to bed and that he was going to wait for her mother to come home; that she got into bed with her sisters, Annie Mary and Rosie Lee; that appellant then got in the bed and "started feeling all over" her; that she started crying; that he "took out his thing and started doing it" with her; and that her sister Rosie Lee saw him. The witness stated that her mother then came into the house after he was "already up off" her and before she

came into the room appellant said, "If you tell her I'll beat you". She stated that she told her mother and "he beat me and I ain't told her no more."

The witness stated that her half-sister Annie Mary told her that "she was scared to testify against him because that he is her father".

Appellant contends that the verdict was contrary to the law and evidence in this case.

We feel that it is unnecessary to further discuss the evidence in this case. A careful examination of the record fails to reveal a motion by the appellant to exclude the State's evidence, neither does it reveal a request by the appellant for the affirmative charge or motion for new trial. Since neither of these are present, we are precluded from considering the question of the sufficiency of the evidence. Parker v. State, 37 All.App. 169, 65 So.2d 215, 216; Madison v. State, 32 Ala.App. 617, 28 So. 2d 927; Waldrop v. State, 41 Ala.App. 237, 130 So.2d 355.

In the case of Sullivan v. State, 38 Ala. App. 340, 83 So.2d 259, Price, J., speaking for this court, held:

"Where no request had been made for an affirmative charge and no motion for a new trial was filed, question of sufficiency of evidence to sustain conviction was not before reviewing court."

Under the foregoing rule which is well established under our jurisdiction, no question concerning the sufficiency of the evidence can be raised in this appeal.

We find no error in the record and the judgment in this cause is due to be and the same is hereby

Affirmed.