205 So.2d 524

**Hilliard ROBINSON**

v.

**STATE.**

**3 Div. 237.**

Court of Appeals of Alabama.

Dec. 19, 1967.

Goodwyn, Smith & Bowman and Charles M. Crook, Montgomery, for appellant.

MacDonald Gallion, Atty. Gen., and Walter S. Turner, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

The appellant stands convicted of the offense of grand larceny, with punishment fixed at three years in the penitentiary.

The question of the sufficiency of the evidence is not presented. There was no motion to exclude the state's evidence, no request for the affirmative charge and no motion for a new trial. Parker v. State, 37 Ala.App. 169, 65 So.2d 215; Waldrop v. State, 41 Ala.App. 237, 130 So. 2d 355.

It is insisted that the defendant was denied his constitutional right to a copy of the indictment. Article 1 Section 6 Constitution 1901. The record reflects that the following occurred at arraignment:

"MR. CROSLAND: (Reads indictment) How do you plead, Hilliard Robinson, guilty or not guilty?

"MR. CROOK: Do you have a copy of that indictment I could have?

"MR. CROSLAND: I' don't have a copy of it. I have the indictment.

"MR. CROOK: We plead not guilty."

The foregoing does not show that a formal demand for a copy of the indictment was made by the defendant and that his demand was denied. Howard v. State, 146 Ala. 149, 41 So. 301; Morse v. State, 22 Ala.App. 93, 112 So. 806.

Defendant's character witness, Earl Thornton, testified he knew defendant's reputation in the community where he lived and that it was good. He was asked, "Q. You knew that Hillard had been in some trouble for making whiskey?" The answer was, "A. I heard that, Yes."

On cross examination of this witness he was asked if he knew defendant was convicted and served thirteen months in the penitentiary for the manufacture of liquor. The witness answered: "I heard that, yes, sir. I didn't know he got thirteen months." The following occurred:

"Q. Do you know that he was convicted of gambling in 1956?

"A. No, sir.

"Q. You didn't know that?

"A. No, sir.

"Q. Do you know that he was convicted of attempting to manufacture, and charged with manufacturing, which was changed to attempt to manufacture in 1960 illegal whiskey?

"A. I don't know what time, but I heard Vince had been involved in some whiskey."

\*    \*    \*    \*    \*    \*

"Q. Did you know whether or not he was convicted of having in his possession illegal whiskey and fined $100 and costs in 1959?" (This question was not answered)

\*    \*    \*    \*    \*    \*

"Q. Would that affect your opinion knowing that he had been convicted of various crimes. Would that affect your opinion whether he has a good character, or not?

"A. Well, I guess, I couldn't say. I don't want to be funny.

"Q. Is it, or is it not your testimony that his reputation in the community is good?

"A. I haven't heard anything to the contrary, other than the whiskey situation."

Objections to these questions on the grounds that the liquor offenses did not involve moral turpitude and called for witness' knowledge of particular acts or conduct of defendant, were overruled.

In Peyton v. State, 40 Ala.App. 556, 120 So.2d 415, the court stated that a defendant may be examined only as to his prior convictions of crimes involving moral turpitude. But on cross examination of character witnesses presented by defendant to establish his good reputation, it is permissible to ask "if he has not heard of certain unworthy acts or misconduct of the accused, naming the acts or conduct. Such examination goes not to the character of the accused, but to the credibility of the character witness, or that the witness was mistaken in his estimate of such character. Mullins v. State, 31 Ala.App. 571, 19 So.2d 845; Johnson v. State, 260 Ala. 276, 69 So. 2d 854."

■ A character witness may not be cross examined as to his own knowledge of particular acts of bad conduct by the accused, but may be asked whether he has

heard of specific acts of misconduct on the part of the defendant.

 That the liquor offenses did not involve moral turpitude was not a valid ground of objection to the interrogation of the character witness. Peyton v. State, supra. Besides, the defendant himself had first introduced the evidence as to the whiskey offenses.

Although the witness was questioned as to his knowledge of specific acts of bad conduct by defendant, his answers were that he had heard defendant had been involved in whiskey transactions. His negative answers to the remaining questions rendered these questions harmless. Ellis v. State, 39 Ala. 325, 100 So.2d 725, cert. den. 267 Ala. 235, 100 So.2d 732.

Adolphus Trimble under indictment for stealing the same cattle defendant was charged with taking, was placed upon the stand as the State's witness. He testified defendant rented a truck and witness and others helped defendant load the cows from a catch pen at defendant's home and that he sold them at Hooper's Stockyard. On cross examination the witness stated he testified as a witness for the state at a former trial of defendant for this offense. This question was asked:

"Q. Adolphus, you testified against Hilliard in that June trial last year. Do you remember two months later, testifying against Hilliard again in another case?"

The state's objection was sustained.

The fact alone that Trimble testified as a witness for the state against defendant in another case does not show his bias or discredit him. State v. Fain, 177 N.C. 120, 97 S.E. 716; 98 C.J.S. Witnesses § 546, p. 489. The witness may have been compelled to testify under subpoena.

On cross examination the prosecuting witness was asked:

"Mr. Dozier: did you have anything to do with the indictment being rendered against Hilliard relating to the theft of James Murdock's cows; did you have anything to do with that?

"A. I might have.

"Q. As a matter of fact, didn't you go to James Murdock and tell him Vince had stolen his cows?

"A. No, I didn't do that.

"Q. Well, did you go up to the stockyards and get Murdock's cows and take them out to your place and then tell Murdock his cows were there?

"The District Attorney: We object to that. That has nothing to do with this.

"The Court: If you object to it, I will sustain the objection. We are trying one case here, stealing these cows."

We find no error in the court's ruling.

The judgment is affirmed.

Affirmed.