326 So.2d 703

**Undary HAMILTON**

v.

**STATE.**

**7 Div. 413.**

Court of Criminal Appeals of Alabama.

Feb. 3, 1976.

———◆———

Oliver P. Head, Columbiana, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

HARRIS, Judge.

On March 17, 1975, the grand jury of Shelby County, Alabama, returned the following indictment against appellant:

"The Grand Jury of said County charge that before the finding of this Indict-ment Undary Hamilton whose true name is to the Grand Jury unknown, otherwise than as stated, did on to wit: May 23, 1974 unlawfully sell, furnish or give away Lysengic Acid Amide, a narcotic drug, contrary to and in violation of the provision of act No. 1407 of the 1971 Regular Session of the Alabama Legislature, otherwise known as the Alabama Uniform Control Substances Act and that such sale, furnishing or giving away took place subsequent to September 15, 1971 against the peace and dignity of the State of Alabama."

On May 5, 1975, the trial court determined that appellant was indigent and counsel was appointed to represent him. On the same day appellant moved to be treated as a youthful offender, and the probation officer was ordered to make an investigation for that purpose. On August 1, 1975, the trial court ordered that appellant be arraigned as a youthful offender.

Upon being arraigned as a youthful offender appellant pleaded not guilty. Evidence was presented to the trial court and appellant was found guilty of being a youthful offender. Punishment was fixed at three years in custody of the Director of the Department of Corrections of the State of Alabama. Appellant gave notice of appeal and the sentence was suspended pending appeal. A free transcript was furnished appellant and trial counsel was appointed to represent him on appeal.

Howard Wayne Lowe, a Deputy Sheriff of Jefferson County, Alabama, was assigned to the United Narcotics Detail Operations. On May 23, 1974, he had a telephone conversation with appellant at his home in Harpersville in Shelby County in which appellant agreed to get Lowe some "Mr. Natural," or Lysergic Acid Amide commonly known as LSD. Lowe left Birmingham with Deputy Sheriff Ed McGuffie and arrived at appellant's home around 6:15 that evening. When they ar-

rived, appellant got in the back seat of the car and took out a package of cigarettes. From within the package appellant produced six hits of "Mr. Natural" that was on a little blotter paper between the cellophane and the pack of cigarettes and handed it to Deputy McGuffie who in turn handed it to Lowe. Deputy Lowe asked how much it cost and appellant said fifteen dollars. Deputy Lowe handed him a twenty-dollar bill. Appellant left the car to get the twenty-dollar bill changed and returned and gave Lowe five dollars. The LSD remained in Lowe's possession until he handed it to Sergeant Jimmy Woodward the next day. Lowe further testified there were several other people standing around when they drove up, but appellant was the only one who entered their car and the only one they dealt with. He stated that appellant was wearing a gold earring in his pierced left ear.

Sergeant Woodward testified that he received six squares of LSD from Deputy Lowe on May 24, 1974, and that it remained in his exclusive custody until he turned it over to Gerald Wayne Burrer at the Toxicologist Department in Birmingham.

The testimony of Deputy Ed McGuffie corroborated the testimony of Deputy Lowe in every detail.

Gerald Wayne Burrer testified that he was employed by the Alabama Department of Toxicology, Criminal Division, and assigned to the drug identification division. After stating his education and qualifications he testified that he received an envelope from Sergeant Woodward on May 29, 1974, and ran the accepted and approved tests on the contents of the envelope and these tests disclosed a positive identification of LSD. The analysis showed that there were thirty-five micrograms of LSD per square.

Both Lowe and McGuffie testified they knew appellant well and had bought and smoked marihuana with him on two previous occasions.

Appellant testified that he had never seen Officers Lowe and McGuffie before he was arrested and denied selling them marihuana or LSD at any time. He stated that Deputy Lowe mis-identified two of his brothers as being him the night he was arrested. He admitted wearing an earring in his pierced left ear, and stated that none of his brothers wore earrings, nor had their ears pierced.

On rebuttal Deputy Lowe testified that on the night appellant was arrested, he stayed in the car while Sergeants Bonner and Smith went in the house with a warrant to arrest appellant. These two officers didn't know appellant as they had not participated in the drug buys. Lowe heard a commotion inside the house and the two sergeants returned to the car and told him to "Go in there and get Undary." Lowe went inside and saw appellant standing in the doorway between a bedroom and the living room. He walked over to where appellant was standing and arrested him.

The sufficiency of the evidence is not before us for review. There was no motion to exclude the State's evidence and discharge appellant on the ground the State failed to make out a prima facie case. There was no motion for a new trial. The evidence presented a clear cut case for the decision of the trial judge. He heard and saw the witnesses and was in a better position to judge their credibility than anyone else. *Eady v. State,* 48 Ala.App. 726, 267 So.2d 516; *Grant v. State,* 46 Ala.App. 232, 239 So.2d 903; *Robinson v. State,* 44 Ala.App. 206, 205 So.2d 524.

We have carefully examined the record for errors injuriously affecting the substantial rights of appellant and have found none. Our conclusion is supported by a "no merit" letter by a member of one of

the outstanding law firms of Columbiana, Alabama, who represented appellant at trial.

Affirmed.

All the Judges concur.