# Madley v. The State.

## *Murder.*

(Decided May 20, 1915.   68 South. 864.)

1. *Homicide; Evidence; Experts.*—Where the death was alleged to have been caused by strangulation, medical experts could so testify before the introduction of evidence connecting the defendant with the killing, as such evidence was admissible for the purpose of proving the corpus delicti.

2. *Same.*—The fact that deceased had been dead sometime before examination by medical experts did not affect the admissibility of their testimony as to what caused his death, but went to the weight and credibility.

3. *Same.*—Although it did not appear that the room and clothing were in the same condition when seen by the witness as when the homicide was committed, evidence of the condition of the room in which deceased was found, and as to the existence or non-existence of bloody garments, was admissible, as it related to the scene of the crime.

4. *Same.*—Where deceased went in response to a message said to have come from defendant, and deceased was never seen alive again, and it further appeared that deceased and accused had occupied unlawful relations to each other, it was competent for a witness to testify that she called for deceased and said defendant had sent for her.

APPEAL from Marengo Circuit Court.

Heard before Hon. JOHN T. LACKLAND.

Jasper Madley was convicted of murder and he appeals.  Affirmed.

GEORGE PEGRAM, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

MAYFIELD, J.—(1) In trials of homicide cases it is often necessary as well as proper to prove by physicians the condition of the body of the deceased when examined by such physicians, the location and the nature of the wounds, and, when they are shown to be qualified to so testify, to elicit their opinions as experts as to the cause and means of the death.  Such testimony is often admissible, if not necessary, to prove the corpus delicti, as charged in the indictment.

In this case the death was alleged to have been caused by strangulation, and of course evidence was admissible to prove this material averment.  Such evidence was therefore admissible even before any proof was offered, tending to connect the defendant with the killing.— *Scott v. State*, 141 Ala. 1, 37 South. 357; *Rash v. State*, 61 Ala. 90; 1 Mayf. Dig. p. 672.

(2) There was therefore no error in admitting the testimony of the doctors in this case; that objected to was clearly admissible under the above authorities.  The fact that the deceased had been dead some time, when examined by them, did not render such evidence inadmissible.  It has frequently been deemed proper by courts, on such trials, to order the body of the deceased to be exhumed and thereafter examined, to ascertain the cause of the death.

[Madley v. The State.]

(3) There was likewise no error in permitting witnesses to testify as to the condition of the room in which the deceased was found dead, and as to the existence or non-existence of bloody garments or objects in the room or near the scene of the crime.—1 Mayf. Dig. p. 667. It was not necessary, to render such proof admissible, to show that the room and clothing and other objects to which the testimony related, were in the same condition when seen by the witnesses as when the homicide was committed. Evidence as to the scene of the crime is always admissible on the trial of offenses like the one in question.—Authorities, supra.

(4) It was competent for the state to prove by the witness, Martha Richardson, that Willie Randall called deceased out of a house just prior to the commission of the offense, and that Randall said to the deceased that defendant said, come to him. This was the last time the deceased was seen alive by this witness, and just before her death. It was shown that the defendant was present on the occasion, and that deceased went to the defendant in response to this message. It was also in evidence that deceased and defendant were living together, and that deceased was about to be married to another man than defendant. There were other circumstances, not necessary to mention, which rendered this evidence admissible.

The record has been carefully examined and we find no error, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.