276 So.2d 647

**John Henry JONES, Jr.**

v.

**STATE.**

**6 Div. 192.**

Court of Criminal Appeals of Alabama.

April 17, 1973.

Demetrius C. Newton, Birmingham, Norman C. Amaker, Jack H. Himmelstein, Elaine R. Jones, New York City, for appellant.

William J. Baxley, Atty. Gen., and Joseph Victor Price, Jr., Asst. Atty. Gen., for the State.

## PER CURIAM.

A jury, apparently unimpressed by an amended plea of not guilty, convicted defendant of robbery as charged in an indictment and fixed his punishment at death. The automatic appeal statute, operative under such sentence, brings the sentence and judgment here for review. Appointed counsel, aided by a New York firm of attorneys whose names appear on the brief without disclosure of their authority, brings this appeal before this Court. The brief filed for appellant is quite comprehensive and ably prepared.

The indictment alleges in substance that defendant (hereafter referred to as appellant) feloniously took from his victim, a seventeen year old white female (hereafter referred to as prosecutrix), a lady's gold Sanford wrist watch and thirty dollars in lawful currency, the property of prosecutrix, against her will by violence, etc., against the peace and dignity of the State of Alabama.

The genesis of the alleged robbery was at an automobile parking lot adjacent to Lloyd Nolan Hospital in Ensley, Jefferson County, where prosecutrix had gone in an Oldsmobile belonging to her brother-in-law to take her brother for emergency treatment of physical injury. This was on Saturday, September 13, 1969. Prosecutrix, on the same day about 2:30 P.M., returned to the parking lot to move the automobile, thereby accommodating the convenience of her injured brother.

Prosecutrix testified that as she entered the automobile appellant, whom she identified at a lineup and at the trial as her assailant, tried unsuccessfully to open the rear door which was locked. Having failed at the rear door, he then opened the front door on the driver's side, where prosecutrix was sitting, pointed a pistol at her and ordered her not to scream and to move over. Prosecutrix obeyed. Further testifying, prosecutrix said appellant told her that he wanted her money and backed the car out, proceeded forward and after reaching the street, took a circuitous route (which we will not detail) and finally stopped the car in a wooded area several miles from the parking area. En route, under pressure and threats, prosecutrix gave him thirty dollars in currency in response to his demand; also he took her Sanford wrist watch after they reached the wooded area; in addition he took a couple of dollars (not mentioned in the indictment) from the pocket of the automobile.

After they reached the wooded area, prosecutrix testified to appellant's physical attack on her person, culminating in sexual intercourse with her by force and physical abuse and threats. We deem it unnecessary to delineate the details of the attack, but suffice it to say that appellant, according to prosecutrix, finally overcame her resistance by force and by threats to use the pistol in his possession. He dragged her from the automobile in a very cruel manner to a point on the ground where the sexual penetration occurred.

After the embrace, appellant tried to force her into the automobile, but failing, he then tried to run the automobile over her after he had fouled her further resistance. She managed to roll from the path on two occasions to escape the impact of the automobile against her person. He then seized her, put her in the trunk of the automobile, locked the trunk door, and proceeded to drive the automobile over terrain which the prosecutrix took to be an embankment, where it was found the following day (Sunday afternoon) by a searching party. She was still locked in the trunk and suffering from physical injuries and exposure. She was taken to the hospital for examination and treatment. The injuries were not serious.

Appellant testified, followed by supporting witnesses, that he was in Faunsdale and Uniontown, Marengo County, on September 13, 1969, and was not in Jefferson County at the time of the alleged offense. He denied pawning a Sanford watch at a pawn shop in Jefferson County. The State offered an original pawn ticket taken from appellant's person, which matched a duplicate pawn ticket. The State also offered the pawned watch, which prosecutrix identified as hers. Dr. C. H. Rehling, who qualified as a handwriting expert, testified that the signatures, "J. H. Jones," on the pawn tickets were in his opinion the same as some genuine signatures of appellant in evidence.

Following voir dire examination out of the presence of the jury, the trial court admitted in evidence a signed confession of appellant wherein he admitted that while in possession of a "little blank pistol" he accosted a girl at the Lloyd Nolan Hospital and stated, "I told her to give me her money and I pushed her then got in the car." The confession further states, "I shoved her over and drove down the hill and then through Ensley and there to the woods." The confession also states, "I stopped the car and she jumped out, we tussled. I remember falling against a tree and the next thing I remember I was hitch hiking." He did not remember other details about trying to run over her, raping her, putting her in the trunk of the car, and running the car off an embankment. He contended

he was drinking wine and taking aspirin for a severe headache that morning. The alleged confession covers five legal pages of type, question and answer form, and relates many pertinent details for consideration of the jury.

We do not think the trial court erred in admitting this signed instrument over defendant's objection. The statement was taken on June 7, 1969, on the day of defendant's arrest, in the interrogation room of the city jail, in the presence of four city detectives, one of whom, Detective Gullion, did the interrogating. Evidence was adduced on voir dire and during the trial, that the interrogator warned appellant of his rights under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. The evidence of the witness made specific reference to these rights. In other words, they were spelled out.

The defendant contended that he was suffering from a severe headache when in the interrogating room with the officers, and asked to be given some medication for his pain; that one of the officers gave him two capsules which he swallowed; and that soon thereafter he was "knocked out" and didn't remember anything until the next morning. He denied the signature on the confessory instrument was his. The officer denied giving him these capsules. The trial court, after hearing the evidence on voir dire, admitted the document. As stated above, we will not disturb the ruling of the trial court.

There were many conflicts between the evidence adduced by the State and that for defendant. The evidence covered three hundred and ninety-seven pages of transcript paper. The jury resolved these conflicts against the defendant and in favor of the State. They were convinced beyond a reasonable doubt of defendant's guilt of the offense charged in the indictment and convicted him. We have carefully reviewed the entire record in our mandated search. There is ample evidence that supports the jury's verdict. We are unwilling to disturb it.

Appellant contends that the evidence concerning the alleged rape and the details of the same were inadmissible and that the trial court erred in overruling his objections thereto. In other words, appellant complains that such admissions were highly prejudicial and influenced the jury in its verdict and punishment.

The Supreme Court of Alabama, in Parsons v. State, 251 Ala. 467, 38 So.2d 209, observed:

"Defendant was indicted for robbery from the person of Louis W. Perry, an automobile and a set of keys. The evidence tended to show that this occurred at the home of Perry. The automobile and keys were used to aid in effecting a burglary and larceny from the store of Perry of valuable jewelry. Since the indictment charged the robbery of Perry of the keys and automobile, it is claimed that evidence of the burglary and larceny from the store is of another crime and not permitted by law.

"But the rule is that if several crimes in fact constitute one criminal transaction, evidence of all such crimes may be given as part of the res gestae of the offense with which defendant is charged. —Allison v. State, 1 Ala.App. 206, 55 So. 453; Askew v. State, 6 Ala.App. 41, 60 So. 455; Ingram v. State, 39 Ala. 247, 84 Am.Dec. 782."

Also, the Supreme Court in Jackson v. State, 229 Ala. 48, 155 So. 581, made pronouncements as follows:

"But this case is governed by another and different principle. Everything constituting the one continuous transaction is admissible as of the res gestae. No matter how many distinct crimes may be involved, all the details of the one continuous criminal occurrence or adventure may be considered by the jury in passing upon the culpability, the wickedness, and depravity of the crime for which the party is being tried. In cases of robbery

the jury is given a wide range of discretion in fixing the punishment. They may look to all the circumstances constituting part of the res gestae in meeting out punishment within the limits prescribed by law. It follows all these circumstances are the subject of legitimate argument on the part of the solicitor. Ingram v. State, supra; Kennedy v. State, 182 Ala. 10, 62 So. 49; Smith v. State, 88 Ala. 73, 7 So. 52; 16 C.J. § 1115."

The quoted paragraphs, supra, appear in our case of Lambert v. State, 48 Ala.App. 600, 266 So.2d 812, wherein we pointed out that the robbery, the subject of the opinion ". . . is the felonious and forcible taking of the property of another from his person, or in his presence, against his will, by violence or by putting him in fear." and was ". . . one continuous transaction or one continuous occurrence and everything that was done was admissible as of the res gestae. . . ."

■ The entire harassment, threats and other kindred acts and unlawful conduct of defendant in the instant case from the time he accosted prosecutrix at Lloyd Nolan Hospital and took charge of her automobile, imprisoning her therein, until he fled the scene in the wooded area, was continuing in character and sequence and formed the res gestae. The jury was entitled to consider this evidence in reaching a judgment as to appellant's guilt or innocence of robbery as charged, and in fixing punishment for the offense of robbery. *Jackson,* supra.

The record indicates that only those jurors who answered that under no circumstances would they vote for the death penalty were challenged for cause and excused. Witherspoon v. State, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776; Jackson v. State, 285 Ala. 564, 234 So.2d 579. The excusals were legally justified and free of error.

We find no prejudicial error on the part of the trial court in its ruling.

Since this appeal reached this Court on December 7, 1970, the Supreme Court of the United States, on June 29, 1972, announced its opinion in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, which eliminated the death penalty for robbery from our robbery statute. The affected statute, Tit. 14, § 415, Code of Alabama, 1940, recompiled 1958, reads as follows:

"Any person who is convicted of robbery shall be punished, at the discretion of the jury, by death, or by imprisonment in the penitentiary for not less than ten years."

Thus, the sentence of death imposed upon the appellant, John Henry Jones, Jr., is vacated and set aside. In lieu and instead thereof, the sentence is corrected to provide that said appellant be imprisoned in the State penitentiary for the term of his natural life. The Clerk of this Court shall furnish a certified copy of this order to the Clerk of the Circuit Court of Jefferson County, and the Clerk of that Court shall issue a commitment in this case based upon this sentence of life imprisonment and shall forward the commitment to the Board of Corrections.

It follows that except as to the death sentence, the judgment of the circuit court is affirmed. With regard to the death sentence, the judgment of the circuit court is modified and the sentence is reduced to life imprisonment, and as modified, the judgment is affirmed. Robert Swain v. State, Ala., 274 So.2d 305.

Modified and affirmed.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.

DeCARLO, J., recuses self.