288 So.2d 191

**Don Olon GREEN**

v.

**STATE.**

**4 Div. 241.**

Court of Criminal Appeals of Alabama.

Jan. 2, 1974.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was tried for assault with intent to murder and convicted of assault and battery. The jury fixed punishment at six months at hard labor.

On March 2, 1973, the appellant filed a written waiver of a jury trial and demanded therein that trial proceed without a jury. This request by way of waiver was objected to by the District Attorney and on March 6, 1973, the date of the trial, the court denied the request contained in the waiver and the case proceeded to trial before a struck jury.

Under the circumstances the action of the court was correct. In a non-capital case trial by jury may not be waived by a defendant without the concurrence of the prosecution and the court. Singleton v. State, 288 Ala. 519, 262 So.2d 768; Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed. 854.

The prosecuting witness worked and lived on land controlled by appellant, his duties being to feed and look after some cattle belonging to appellant. For his alleged failure to attend to these matters satisfactorily to the appellant his hands were tied and he was whipped severely with a limb or limbs broken from a tree by appellant and was treated by a doctor for the cuts, welts and abrasions suffered in the whipping. Several witnesses for the State substantiated the above brief statement of the State's testimony.

The appellant admitted the whipping of prosecuting witness although he denied its severity and some of the circumstances leading up to the occurrence. He further denied any former trouble or difficulty of this sort with the prosecuting witness.

No brief for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

In rebuttal the State introduced State Investigator, B. J. Gatlin, who testified that Otis Heath, (a witness for the State and defendant in a separate case growing out of the case at bar) after being arrest-

ed, gave him a statement of the facts, incriminating appellant, which contained a waiver of counsel by Heath, and that Heath's rights were properly explained and understood, and the statement was voluntarily given without coercion, threats, or inducements.

Appellant objected to the introduction of the statement in evidence because it contained certain material already admitted by the witness in his testimony and further that it contained evidence of other acts committed by appellant against the prosecuting witness, having no connection with the case at bar. After some deletions from the statement made by the court's ruling, the statement was admitted into evidence as "Exhibit 1" for the State.

While some parts of the statement corroborated rather than contradicted the testimony of witness Heath, admittedly the statement, "Don has got mad at Huey several times and kicked him and slapped him before this happened," was not in rebuttal to anything testified to by witness Heath, and referred to alleged former offenses committed by appellant against the prosecuting witness. He testified he did not remember making the statement, "While driving out to Don's pasture Don gave me some twine and told me to tie Huey's hands behind him, and I did."

 Admission of testimony in rebuttal is largely in the discretion of trial court. See numerous cases cited in Volume 6A, Alabama Digest, ☜683, et seq. This rule has been held to apply especially to testimony which properly should and could have been offered in chief. Authorities, supra.

It has further been held by this court in a prosecution for assault and battery that evidence of the fact of a former difficulty, between the parties, but not details thereof, are admissible as bearing on the question of intent. Cameron v. State, 24 Ala.App. 438, 136 So. 418; Roper v. State, 25 Ala. App. 397, 147 So. 201.

We think the ruling of the court admitting the written statement was free of error.

From a search of this record we find no error of a reversible nature and the case is affirmed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

All the Judges concur.