304 So.2d 243

Carnell L. BURT

v.

STATE.

8 Div. 521.

Court of Criminal Appeals of Alabama.

Oct. 1, 1974.

Rehearing Denied Oct. 29, 1974.

**2**

Lewis H. West, Decatur, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

HARRIS, Judge.

Appellant was convicted of robbery and sentenced to ten years imprisonment in·the penitentiary. At arraignment, attended by retained counsel, he pleaded not guilty. The judgment entry recites that the indictment was read and explained to him. The case was set for trial on November 26, 1973, and it was necessary to declare a mistrial because the jury reported to the court that they were hopelessly deadlocked and that it was impossible for them to reach a verdict. The case was reset for trial on February 26, 1974. Appellant was rearraigned upon the indictment in the presence of his counsel and he again pleaded not guilty. The judgment entry again recites that the indictment was read and explained to him.

On the night of June 9, 1973, shortly after ten o'clock two black youths, Larry Pride and Roy Williams entered Mac's Grocery and Market located on Moulton Street in the City of Decatur, Alabama. After entering the store they separated and

went in different directions. About a minute later appellant entered the store and went to the magazine rack and started looking through the magazines.

There were two employees, Jerry McCullock and Terry Waldrop, in the store at this time. There were four or five customers in the store when the three black youths entered. There were two cash registers on the same counter a few feet apart. McCullock was operating one cash register and Waldrop the other. They were busy checking out the customers and receiving money. They checked all of the customers out except a young black girl who was shopping in the back of the store. As if by pre-arrangement, appellant, Pride and Williams came to the check-out counter. Appellant put a bag of potato chips on the check-out counter where McCullock was operating the cash register. Pride and Williams went to Waldrop's cash register and Pride put a coca-cola on the counter. Both cash register operators rang up the sales which left the cash registers' drawers open. At this time the trio pulled pistols. Appellant and Williams pointed their pistols at McCullock. McCullock started to get the money out of the register to give it to them when appellant pushed him back and he and Williams reached into the drawer and took all the currency except a few one-dollar bills plus checks and food stamps. When Waldrop saw Pride pointing his pistol at him, he moved back from the register and Pride reached into the drawer and got all the currency except a few one-dollar bills. He also got checks and food stamps. Williams and Pride then ran out of the store. Appellant remained a few seconds holding McCullock and Waldrop at bay with his pistol and then he backed out of the store with the pistol still pointed at the two store employees. Waldrop got a pistol and ran out of the store and saw the trio running up the street. He fired his pistol in their direction but no one was hit.

McCullock knew Pride by name as he was a frequent customer of the store. He also knew appellant and Williams as frequent customers but did not know their names. Waldrop also knew all three robbers by sight but did not know their names. He had seen them frequently at Austin High School where they all attended classes. McCullock and Waldrop looked at the Austin High School year book or annual and McCullock identified appellant and Williams. Waldrop looked at the same year book and identified all three robbers.

The owner of the store testified that he worked the morning of June 9, 1973, but that night he attended the wedding of his best friend and when he returned home he got a call advising him of the robbery. He went to the store to check on the loss and determined that $1,298.84 was missing. This amount included at least five hundred dollars in twenties, tens and fives and the balance consisted of checks that had been cashed for customers and also food stamps.

Appellant testified that he went to the store in question on the night of June 9, 1973, with Larry Pride and Roy Williams. He said he went to the magazine rack and looked at the magazines and then picked up a bag of potato chips and got a bottle of coca-cola and went to the check-out counter where he paid for his purchases. He then observed Larry Pride and Roy Williams with drawn pistols. He saw each of them get currency from both cash registers and run out of the store. He further testified that he did not know Pride and Williams were going to rob the store and did not know they had pistols that night until he saw them pointing the guns at the two cash register operators. He denied that he had a pistol in the store that night and he denied that he took any money from the cash registers. He stated that he had thirty to forty dollars in his pockets when he entered the store. He admitted that when he got home that night he had sixty dollars on his person but he explained the money being in his possession by saying that Larry Pride gave him thirty dollars as hush money and told him to keep it as he was just as much involved as the

4

rest of them. He kept the thirty dollars and did not say anything. In sum, his testimony put him present at the time and place of the robbery and corroborated the testimony of the store employees as to the activities of Pride and Williams but he denied any participation.

Appellant offered testimony as to his general good character and that he had a good reputation for non-violence.

Appellant was seventeen years of age at the time of trial. He filed a petition to be tried as a youthful offender. The trial judge referred the matter to a probation officer and when the report was filed appellant's petition was denied. This procedure was in conformity with Morgan v. State, 291 Ala. 764, 287 So.2d 914.

Appellant objected to being put to trial because a special venire was not drawn and served upon him and he was not served with a copy of the indictment in compliance with the provisions of Title 30, Section 63, Code of Alabama 1940.

The provisions of Section 63, supra, have no application to Morgan County. Special venires in the Eighth Judicial Circuit of Alabama were abolished by Act No. 136, 1971, 1st Ex.Sess., approved May 11, 1971, (Title 13, Section 125 [30c], Code of Alabama 1940).

Since Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, decided on June 29, 1972, abolished the death penalty in all the States of the Union, all crimes for which the maximum punishment was death must now be considered noncapital felonies in Alabama. Jones v. State, 50 Ala.App. 62, 276 So.2d 647.

Appellant further objected to being forced to strike from a *list of twenty-five (25) qualified jurors*. Since robbery is a non-capital felony in Alabama today, a defendant charged with robbery is entitled to strike from a qualified list of *not less than 24 jurors* as provided by Title 30, Section 62, Code of Alabama 1940. Crowden v. State, 41 Ala.App. 421, 133 So.2d 678.

Appellant also complains that he was never served with a copy of the indictment. As we have pointed out, appellant was arraigned on two different occasions and each time the indictment was read and explained to him. The record does not reflect that he ever demanded a copy of the indictment. Three months elapsed from the date of the first arraignment to the second one which was on the day of trial. The failure to demand a copy of the indictment during this period amounted to an effective waiver of his right to a copy. Robinson v. State, 44 Ala.App. 206, 205 So.2d 524; Howard v. State, 146 Ala. 149, 41 So. 301.

Appellant objected to the testimony of the owner of the store fixing his loss at $1,298.84, including checks and food stamps, on the ground that this testimony constituted a variance in the allegations of the indictment and the proof offered in support thereof.

It is well settled that in a robbery prosecution the amount of money or the value of the property taken is immaterial. Therefore, the variance between the allegations of the indictment and the proof is not fatal. All that is needed is proof that some property of value was taken by force or threat of violence. Wilson v. State, 268 Ala. 86, 105 So.2d 66; Sanders v. State, 289 Ala. 224, 266 So.2d 802; James v. State, 53 Ala. 380, 387.

The state offered rebuttal testimony to impeach the testimony of appellant. Appellant objected to this testimony and claims this constituted error to reverse. We disagree. Admission of testimony in rebuttal is largely in the discretion of the trial court. Green v. State, 51 Ala. App. 654, 288 So.2d 191.

Finally, appellant claims that the action of the trial court in limiting counsel's argument to the jury is reversible error. The record reflects that after counsel had argued the case to the jury, the court asked that he bring his argument to a

close. Counsel objected on the ground there was no agreement as to time for argument. The court stated that it was his duty to keep arguments within reasonable bounds. Counsel was then permitted to bring his argument to a conclusion. We do not perceive that error intervened here. Taylor v. State, 15 Ala.App. 72, 72 So. 557; Peterson v. State, 231 Ala. 625, 166 So. 20.

This case is affirmed.

Affirmed.

All the Judges concur.