325 So.2d 551

**Willie SHEPERD**

v.

**STATE.**

1 Div. 564.

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 21, 1975.

D. Wayne Childress, Mobile, for appellant.

William J. Baxley, Atty. Gen., and J. Brent Thornley, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted in the lower court of murder in the second degree and sentenced to imprisonment for life.

The attorneys representing the parties on this appeal have agreed in brief that the statement of facts set out in the brief of appellant is substantially correct. Since the court concurs in this fact the statement will be adopted as part of this opinion with a brief addition added by the court, and is hereinafter set out as follows:

"On the night of July 12th, and the morning of July 13, 1974, the appellant, Willie Sheperd, was babysitting his stepson, Marc Anthony Earl. The mother of Marc Anthony Earl, the deceased, was at work. (R. 26, 27, 128, 129)

"At approximately 11:00–11:15 on the night of the 12th of July, 1974, Joanne Earl the mother of deceased called appellant and asked him to put Marc to bed. (R. 27, 129, 130) When appellant went to put Marc to bed, he discovered that Marc had wet his pants and asked him why he had done so. The child did not answer and appellant testified that he slapped him. (R. 130)

"Appellant testified that when he slapped him, the child hit it's head on the table. (R. 130) Appellant called the child's mother who came home and when she arrived, appellant was administering artificial resuscitation to the child. (R. 30) The mother, Joanne Earl, made several telephone calls, one of which was for an ambulance. (R. 29)

"Shortly afterward, the police arrived. Officer Raderick Steade of the Mobile Police Department testified that when he arrived he found the child lying on the floor near the dining room table. He further testified that he felt for a pulse and found none and noticed that the child felt cold. (R. 63)

"The child was taken to Mobile General Hospital in Mobile, Alabama where he was seen by Dr. William A. Crutwell, III. (R. 69) The doctor testified that the child was dead and upon examination he found several bruise marks over the anterior chest and some bruise marks around the neck. He further stated there were bruise marks down the side of the child's body. (R. 70) The doctor further testified that he met with appellant and the mother and informed them the child was dead. He further stated that he asked them what had happened and that appellant replied, "That the little boy had peed on the couch" then he stated that, "I hit him" (R. 72)

"Some two and one half days later an autopsy was performed by Dr. Earl Wert, Mobile County Coroner with Dr. Nelson Grubbs, State Toxicologist in attendance. (R. 81, 91) Over defense counsels objec-

tions, Dr. Wert testified that the cause of death was from massive hemorrhage and shock from rupture of the liver and bleeding. (R. 96) He further testified that in his opinion the damage was caused by a blow from some blunt instrument. (R. 96)

"Defendant testified and admitted slapping the child and then waking up and he (appellant) was on the floor. (R. 130)" We interpolate that appellant claimed to have had a mental lapse, remembering nothing, during that time. He had drunk some beer and whiskey that night.

"At the close of the State's case, appellant moved to exclude the evidence of Dr. Grubbs and Dr. Wert on the grounds that there was no showing by the state that the condition of the body at the time of the autopsy was the same as at the time the child was initially admitted to the hospital. This motion was denied. (R. 99–104)"

The indictment under which the appellant was tried and convicted reads as follows:

"The Grand Jury of said County charge, that, before the finding of this indictment Willie Sheperd whose name is to the Grand Jury otherwise unknown than as stated, unlawfully and with malice aforethought killed Marc Anthony Earl by beating him to death with his hands, against the peace and dignity of the State of Alabama.

"The Grand Jury of said County further charge, that, before the finding of this indictment Willie Sheperd whose name is to the Grand Jury otherwise unknown than as stated, unlawfully and with malice aforethought killed Marc Anthony Earl by striking him with his fists, against the peace and dignity of the State of Alabama."

On October 16, 1974, the appellant was arraigned on this indictment and entered a plea of not guilty.

At the beginning of the trial and before a jury was struck, the question was raised by the district attorney as to whether the indictment charged murder in the first degree or murder in the second degree. After some discussion between the court and the attorneys involved, it was determined by the court that the indictment charged murder in the second degree although it had been understood by all parties, apparently, that each count charged murder in the first degree. Upon a motion made by the district attorney, the court advised the attorneys and the jury that the cause would proceed on the charge of murder in the second degree, after which ruling the attorney for the appellant moved for a mistrial based on the statement made by the court, above referred to. The motion was overruled and the case proceeded to trial on the charge of murder in the second degree and the lesser charges included as a matter of law.

No effort was apparently made to amend the indictment and the appellant did not agree that it be amended to delete the charge of murder in the first degree.

The court then announced that the jury would be struck from panels 1 and 2, numbering some 32 jurors. The attorney for the appellant thereupon moved that he be permitted to strike from all of those qualified because the indictment charged murder in the first degree and that in effect he should not be restricted to strike from a lower number as would be the procedure in a noncapital case. This motion was overruled by the court and the jury was struck from the panels above referred to.

The gist of the argument for a reversal is summed up in appellant's brief as follows, to-wit:

First, that the indictment was improperly amended without the consent of appellant and without re-arraignment; second, that the appellant was denied his right to strike from the minimum number of jurors required in a capital case; third, denial of motion to exclude the testimony of Dr. Grubbs and Dr. Wert with regard to an

autopsy performed two and one-half days after injury and death of the deceased; and fourth, denial of motion for mistrial based on juror's failing to disclose information during qualifications.

■ First, we do not agree that the indictment was, in fact, amended under the action taken in this case, although the State chose to proceed, with the concurrence of the court, under the charge of murder in the second degree which charge was necessarily included within the indictment. The indictment, in fact, charged murder in the first degree on its face according to the language used to describe the charge. Title 14, Section 314; Title 15, § 259 (Forms of Indictment), Form 79, Code of Alabama 1940, Recompiled 1958.

As we view the situation resulting from the confusion as reflected by the record as to what exactly the indictment did charge, the end result was that the State chose to denominate the charge as murder in the second degree and proceeded to try the case under that theory without taking proper legal steps such as a nol pros or amendment which would delete the charge of murder in the first degree. We can see no prejudice to the substantial rights of appellant resulting from such procedure, unless it should be held he was required to strike from a panel of jurors numbered less than would have been required for murder in the first degree.

■ We think the statement of this court in the case of *Burt v. State,* 54 Ala. App. 1, 304 So.2d 243, hereinafter set out is apropos to the question posed in this case.

In *Burt v. State,* supra, this court stated:

"Since *Furman v. Georgia,* 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346, decided on June 29, 1972, abolished the death penalty in all the States of the Union, all crimes for which the maximum punishment was death must now be considered non-capital felonies in Alabama. *Jones v. State,* 50 Ala.App. 62, 276 So.2d 647.

"Appellant further objected to being forced to strike from a list of twenty-five (25) qualified jurors. Since robbery is a non-capital felony in Alabama today, a defendant charged with robbery is entitled to strike from a qualified list of not less than 24 jurors as provided by Title 30, Section 62, Code of Alabama 1940. *Crowden v. State,* 41 Ala.App. 421, 133 So.2d 678."

Along this same line, dealing with another Code Section, Title 30, Section 63, Code of Alabama 1940, Recompiled 1958, providing that a special venire be drawn in such cases, this court said in *McCaghren v. State,* 52 Ala.App. 509, 294 So.2d 756, "Since *Furman,* decided June 29, 1972, all of the statutes of Alabama providing death penalties are now to be considered non-capital felonies."

■ The record does not contain the questions or answers of the qualification of the jurors by the court in this case but during the course of the trial one of the jurors interrupted the proceedings and announced that he was acquainted or had been acquainted with one of the assistant district attorneys some eight and one-half years previously and that when asked this question on voir dire concerning his qualifications to serve as a juror on the case, he had apparently forgotten the matter but it had occurred to him the night before at his home. This was all done in open court and the Judge questioned the juror further with regard to the type of friendship or relationship with the assistant district attorney and was advised by the juror that it was not close at all and that he felt that it would not interfere in any way with his continuing to serve in the present case. The court allowed the juror to continue to serve and an exception was taken to this action of the court by the attorney for the appellant and his motion for a mistrial was overruled.

We are of the opinion that no error appears in this action of the court. A failure of a juror to make a proper response to

questions regarding his qualifications to serve as a juror, regardless of situations or circumstances, does not automatically entitle a party to a new trial. The proper inquiry in such cases is whether the defendant's rights were prejudiced by such failure.

In this case there was no effort made to show prejudice to the rights of the appellant and as we read the record, there is nothing therein to so indicate. *Freeman v. Hall,* 286 Ala. 161, 238 So.2d 330; *Smithson v. State,* 50 Ala.App. 318, 278 So.2d 766.

■ Ordinarily a court will not be put in error under the circumstances shown in this case unless there appears a clear abuse of discretion. *Loch Ridge Construction Company, Inc., et al v. Barra,* 291 Ala. 312, 280 So.2d 745.

■ It appears that an autopsy was performed on the deceased child by Dr. Grubbs and Dr. Wert, as is heretofore set out, some two and one-half days after the injury occurred. Appellant moved to exclude the testimony of the findings of these witnesses upon the ground that there was nothing in the case to show what happened to the body of the child from the time of its death in the early hours of the morning on July 13 until approximately 2 o'clock on the morning of July 15, the time of the autopsy.

The record reflects the location of some of the injuries of the child, as testified to by other witnesses, and the body itself was identified by Dr. Wert, when he testified without objection from appellant. The testimony of the doctors, being of expert nature, was most thorough and described in more detail the injuries suffered by the child than the testimony initially introduced by the State.

■■ The fact that an autopsy made at a later time than the death of the child is a matter which would affect the weight and credibility of the testimony rather than the admissibility thereof. *Madley v. State,* 192 Ala. 5, 68 So. 864. It need not be shown that the body was in the exact condition when the autopsy was performed as when death occurred and the evidence of the autopsy is prima facie admissible if no substantial change appears. *Dennison v. State,* 259 Ala. 424, 66 So.2d 552.

We have responded to the argument of appellant in brief and in addition thereto, have searched the record for any apparent error which would work substantial injury to the rights of appellant. Having found none, this case is due to be affirmed.

Affirmed.

CATES, P. J., and TYSON, HARRIS and DeCARLO, JJ., concur.

BOOKOUT, J., concurs specially.

BOOKOUT, Judge (concurring specially.)

The Alabama Supreme Court in *Ex parte Hugh Otis Bynum, Jr.,* 294 Ala. 78, 312 So.2d 52, (1975) held that "capital offenses" still exist in Alabama, stating, ". . . The only effect of *Furman* was to eliminate the imposition of the death penalty as it was then enforced, and not to eliminate the classification whereby crimes are categorized as capital for purposes other than punishment."

Contrary to the broad language above, it is my opinion that the Alabama Supreme Court in *Bynum* was addressing itself solely to the question of bail. The purpose for a special venire in "capital cases" was to give a defendant, on trial for his life, an additional safeguard not given to those where only their liberty was at stake. At the time Title 30, Sec. 63, Code of Alabama 1940 was enacted, the only distinction between "capital" and "non-capital" cases

was the possible imposition of the death penalty. Since the imposition of the death penalty has been suspended, there is no rational justification for a special venire in a case formerly classified as "capital" and one formerly not so classified where the penalties may now be the same.

Should the legislature ever enact a death penalty statute which meets all the constitutional tests for validity, then the Special Venire Statute again would become applicable. Otherwise, I do not believe the Alabama Supreme Court will extend its reasoning in the *Bynum* decision to require a special venire in cases where the death penalty cannot be imposed. I therefore concur in the result of the instant opinion.