BOWEN W. SIMMONS, Retired Circuit Judge.
Appellant-defendant was indicted for robbery, convicted therefor, and punishment of ten years imprisonment was meted out by the jury.
The indictment is in statutory form. The offense was committed in December, 1975, but neither the offense nor the indictment was covered by Act No. 213, Vol. 1, Acts, 1975 p. 701, a death penalty act, approved by the governor on September 9, 1975, and made effective one hundred and eighty (180) days thereafter.
The death penalty for robbery under the laws of Alabama at that time, December, 1975, had no force and effect. Dean v. *1370 State, 54 Ala.App. 270, 307 So.2d 77; Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346; Hubbard v. State, 290 Ala. 118, 274 So.2d 298; McCaghren v. State, 52 Ala.App. 509, 294 So.2d 756. As to robbery, see: Jones v. State, 50 Ala.App. 62, 276 So.2d 647; Burt v. State, 54 Ala.App. 1, 304 So.2d 243; Ex parte Bynum, 294 Ala. 78, 312 So.2d 52, was a bail or bond case, and is without application.
During the progress of the trial on a plea of not guilty, one of the jurors became ill and, was by the court, excused from further service. Outside the presence of the jury, the trial court obtained consent of the defendant in person, his attorney, and the district attorney or his assistant engaged in the trial, to finish trying the case before the remaining eleven jurors. This continuation of the trial before the eleven jurors, after consent, supra, was authorized by T.30, § 99(1), subd. 2, Recompiled Code, 1958. This Section is applicable to Jefferson County where the case was being tried. Also, such continuation was approved under similar circumstances by the Supreme Court of Alabama, in the case of Kirk v. State, 247 Ala. 43, 22 So.2d 431. See also: Patton v. United States, 281 U.S. 276, 50 S.Ct. 253, 74 L.Ed.2d 854, which holds that the constitutional right of one on trial to a jury of twelve persons may be waived or by a less number than twelve under certain conditions.
The next contention is that the waiver by defendant must be freely, voluntarily and intelligently made. It appears in the record as follows:

“THE COURT: Is it a [sic] agreeable between the attorneys and Mr. Blocker that we proceed in this case with eleven jurors? One of the jurors is ill. Is it agreeable with the Defendant? Will you explain it to him?
“MR. PARSONS: He says he will.
“THE COURT: You are saying it is all right with you to continue their deliberations with eleven jurors?”
Thus, it appears that defendant’s counsel explained it to his client who stated in person that he was willing to proceed with the trial before the eleven remaining jurors.
We do not think that a Boykin colloquy (Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274) as required on pleas of guilty was necessary or mandated. In a recent case of Singleton v. State (1971) 288 Ala. 519, 262 So.2d 768, the Supreme Court held that with the consent of the State and the court, defendant charged with a non-capital felony may waive a jury trial, enter a plea of not guilty, and be tried by the circuit judge without a jury, and such waiver is not contrary to public policy. We note that the opinion does not mandate a Boykin colloquy. It is sufficient if the defendant knowingly and intelligently understood that he was entitled to a full panel of twelve jurors to try his case if he wished. We hold that the colloquy, supra, indicates that the defendant was sufficiently informed of his rights to a full panel if he wanted that number. He agreed to proceed before the eleven jurors.
We find no error in the record.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
The judgment is hereby
AFFIRMED.
All the Judges concur.