LEIGH M. CLARK, Retired Circuit Judge.
This is a consolidated appeal from a judgment of conviction and sentence in each of five separate cases bearing Circuit Court Numbers 81-062, 81-063, 81-064, 81-065 and 81-066, which were respectively based upon indictments for robbery, robbery, kidnapping, grand larceny, and both burglary and grand larceny. The judgment was rendered in each case on a plea of guilty on a hearing at which defendant and his counsel were present and the proceedings were reported by a court reporter as shown by his transcript thereof.
According to the transcript, the hearing commenced as follows:
“THE COURT: We are calling 5 cases, CC-81-62,[1] CC-81-63, 81-64, 81-65 and 81-66, all indictments against David Neal Scroggins, who is present here with his attorney, Howard F. Bryan. Now, Mr. Scroggins, there has been presented to me these five docket entry Exhibit A’s. Did you go over these with Mr. Bryan?
“MR. DAVID NEAL SCROGGINS: Yes, Your Honor.
“THE COURT: You are charged here with 2 charges of robbery, a charge of kidnapping, a charge of grand larceny and a charge of burglary and grand larceny. Now, have you had an opportunity to discuss each one of these 5 cases with your attorney?
“MR. DAVID NEAL SCROGGINS: Yes, Your Honor.”
Thereupon, in an extended colloquy among the court, defendant and defendant’s counsel, the defendant made it known *440 to the court that he understood what he was doing, that he fully understood the charges against him, that he was guilty as to the charge in each indictment, and that he voluntarily, intelligently, knowingly and understandingly, without any inducement whatever, desired to change his plea in each case from a plea of not guilty to a plea of guilty. His counsel confirmed the defendant’s statement as to his further understanding of the consequences of a plea of guilty and his waiver of all rights guaranteed to him under his plea of not guilty.
In the transcript there is also what purports to be a two-page list of typed questions addressed to the defendant while attended with his attorney at the hearing, which is largely a duplication of the colloquy among the court, defendant and his counsel, which is not signed by defendant, but there is attached to it the following signed statement of defendant:
“I was an escapee from the Maxwell A.F.B., Federal Prison when I came up on this trailer on the river. I broke a glass, unlocked the trailer, went in and spent the night. The next morning I took a shotgun that was in the trailer (CC-81-66) and was fixing to leave when these two men came in. I pointed the gun at them and told them to lay down. I then told them that I didn’t have any money, one of them gave me $139.00 (CC-81-062) and the other gave me $12.00 (CC-81-063).
“I told the men that I wanted tototo [sic] a railroad yard. Then I took the one that owned the truck and had him drive me to a railyard where I tied him up and left him. I took this truck with me (CC-81-065) and abandoned it so I could get on a train.
“I heard the police search so I got off the train and went up to a yard where there was a car that was for sale. A stranger in plain clothes came up, he told me to come over to his car that he was an auxiliary deputy sheriff. I went over and he searched me. He then got into his car to call on his CB, I ran and he got out of the car and shot me. While I was laying on the ground bleeding a deputy came up and arrested me.”
It is to be noted that in the statement of defendant as to the several facts that took place, there is separate reference as to each separate incident in each of the numbered cases except CC-81-064, charging kidnapping. It appears that the sentence “[tjhen I took the one that owned the truck and had him drive me to a railyard where I tied him up and left him" is referable to CC-81-064. This is confirmed by the following portion of the colloquy:
“THE COURT: AH right. With respect to 81-64, which is a kidnapping charge, how do you plead, guilty or not guilty?
“MR. DAVID NEAL SCROGGINS: Guilty.
“THE COURT: Tell me briefly what you did in this case?
“MR. DAVID NEAL SCROGGINS: I told the man to get in his truck and take me to some railroad tracks, where I left him at.
“THE COURT: In other words, you took him away by force from the place where he was?
“MR. DAVID NEAL SCROGGINS: Yes, sir.”
Appellant does not challenge the sufficiency of the hearing on defendant’s request to withdraw his plea of not guilty and enter a plea of guilty to meet the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and subsequent cases, relative to the determination by the court of the voluntary, intelligent and understanding nature and consequences of the entry of such plea. He attacks the judgment in each of the cases on entirely different and independent grounds. We now consider them.
Appellant’s first insistence is that he was “denied his Sixth Amendment right to a speedy trial.” He contends that on March 16, 1981, he wrote the Autauga County Circuit Court District Attorney requesting that he file a motion to dismiss by reason of the State’s failure to afford him a speedy trial. The record itself does not show this letter, but it does show that on *441 April 6,1981, the court conducted a hearing at which defendant appeared “in his own proper person and by his attorney” on an oral motion in each of the five cases to quash the indictment, which motion was denied. The indictment in each case was returned on September 16, 1980. There is nothing in the record to indicate any effort on the part of defendant prior to April 21, 1981, when he was adjudged guilty and sentenced, to be brought to trial. Under the circumstances as a whole, we think the State passes the balancing test of Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In addition, we hold that the voluntary and intelligent guilty plea of defendant in each case waived all non jurisdictional matters. Roden v. State, Ala.Cr.App., 384 So.2d 1248 (1980); Harris v. State, Ala.Cr.App., 367 So.2d 524, cert. denied, 367 So.2d 534 (1978); Lancaster v. State, Ala.Cr.App., 362 So.2d 271, cert. denied, 262 So.2d 272 (1978).
The court sentenced defendant in Case No. CC-81-062 “for a period of 30 years as punishment for his crime, said sentence to run concurrently with sentence he is serving in Federal Penitentiary.” The sentence in 81-063 was made concurrent with the sentence in 81-062 and his “federal time.” In each of the other three cases, he was sentenced to imprisonment for ten years, with the sentence to run concurrently with the sentence in 81-062 and with his “federal time.”
It appears that appellant has no grievance with the sentence in any of the five cases. He relies entirely upon what he says occurred months before he was convicted on his pleas of guilty, particularly his claim that he was denied his Sixth Amendment right to a speedy trial and that when he was arrested he “was shot by an Auxiliary Deputy Sheriff without probable cause.” As appellant does not challenge the sufficiency of the hearing on the pleas of not guilty or question the validity of the sentences imposed in the five cases, it appears that he does not seek a reversal and re-mandment for a new trial on pleas of not guilty. Nevertheless, we note that notwithstanding the scrupulous efforts on the part of the trial court to follow the pattern set forth in the Ireland form as exhibited in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), there was a failure in one respect. In the statement to defendant as to the punishment for robbery, he was correctly informed as to the minimum punishment of ten years’ imprisonment but was not informed as to the maximum punishment. Under the then applicable statute, Code of Alabama 1940, Recomp. 1958, Title 14, § 415, the punishment was “by death, or by imprisonment in the penitentiary for not less than ten years,” but the death penalty was eliminated from the section by the effect of Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972). Jones v. State, 50 Ala.App. 62, 276 So.2d 647 (1973). Although the maximum, as well as the minimum, punishment for a crime to which defendant prepares to plead guilty should be stated to him, the defendant could not have been influenced to insist on his plea of guilty by the fact that the record does not show that he was informed that the applicable maximum was life imprisonment.
The judgment of conviction and sentence in each of the cases included in this consolidated appeal should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgments of the trial court in the cases appealed from are hereby
AFFIRMED.
All the Judges concur.

. The omission of “0” immediately before the last two digits in the number of each case seems to be a self-correcting clerical error, which also applies elsewhere in the transcript.