PATTERSON, Judge.
Appellant, David Neal Scroggins, pleaded guilty on April 21, 1981, to five indictments: two for robbery, one for kidnapping, one for grand larceny, and one for burglary and grand larceny. These crimes were committed by appellant while he was on escape status from Maxwell Air Force Base Federal Prison, during August 1979.[1] The trial court sentenced appellant on each count, with the maximum term being thirty years and the minimum terms being ten years each, to run concurrently with the sentence he was serving in the federal penitentiary. An appeal was taken to this court in which we affirmed the judgments of conviction and sentences imposed by the trial court. Scroggins v. State, 410 So.2d 439 (Ala.Cr.App.1981).
On May 28, 1986, appellant filed a pro se petition for writ of habeas corpus in the circuit court of St. Clair County, alleging that he was being improperly denied incentive good time (I.G.T.). The circuit court denied appellant’s petition, without an evi-dentiary hearing, on August 11, 1986. Appellant filed a pro se appeal in this court, which was supported by the appropriate documents and a pro se brief. The attorney general responded, alleging that appellant was not eligible to receive I.G.T. credit pursuant to § 14-9-41(e) because he was sentenced to terms of imprisonment in excess of ten years. This court ordered ap-pellee to file a supplementary brief, addressing the following issues:
(1) If the crimes for which appellant stands convicted were, in fact, committed in August 1979, as alleged, which statute regulating incentive good time applies?
(2) If the old statute applies, are the reasons given by the Central Review Board for denial of good time sufficient as a matter of law and regulation, especially when considered in light of the exhibits attached to appellant’s petition?
(3) If the reasons are insufficient, what course of action should this court take?
This court appointed an attorney to represent appellant on this appeal; he made due response to appellee’s answers to the questions posed by this court.
Appellee responded that the offenses did, in fact, occur in 1979, prior to the effective date of § 14-9-41. Appellee did not respond to the second question; however, appellee did submit, pursuant to the third question, that the cause should be remanded to the circuit court for an evidentiary hearing on appellant’s allegations set forth in his petition.
Appellant’s counsel concurred in appel-lee’s contention that the offenses occurred prior to the effective date of § 14-9-41, and correctly contends that § 14-9-1, Code of Alabama 1975 (repealed by Acts 1980, No. 80-446, p. 690, § 5, effective May 19, 1980) is controlling under the facts of this case. In response to the second question, appellant’s counsel argues that the reasons given for denial of I.G.T. by the Central Review Board were “clearly inappropriate” as stated, and were contrary “to law and *1277 regulation” which controls appellant’s eligibility for I.G.T. Appointed counsel argues, pursuant to question three, that this court should remand the cause to circuit court with directions that appellant be credited with the appropriate amount of I.G.T. to which he is entitled.
While we decline herein to order that appellant be given incentive good time credit, we find that his petition contains merit and, therefore, reverse the judgment of the lower court and remand this case for an evidentiary hearing. We further order that local counsel be appointed to represent appellant in the further proceedings.
REVERSED AND REMANDED WITH DIRECTIONS.
All Judges concur.

. Appellee concedes in brief that "records in the Department of Corrections reveal that the offense[s] for which he was subsequently convicted did indeed occur in 1979.”